Carroll, }
Mar. 3, 1953. } No. 4170.

RALPH M. COLBY & a. v. FRED VARNEY & a.

*William H. Sleeper, Robert Shaw* and *Wayne J. Mullavey (Mr. Mullavey* orally), for the plaintiffs.

*Eliot U. Wyman* (by brief and orally), for the defendants.

DUNCAN, J. "Dependents" as defined by the Workmen's Compensation Law, includes "parents . . . who were wholly or partially dependent in fact upon the earnings of the employee for support at the time of the injury." Laws 1947, *c.* 266, *s.* 2 VII. Section 20, upon which the plaintiffs rely, provides in part as follows:" COMPENSATION FOR DEATH. If death results from the injury, the employer shall pay to, or for the dependent or dependents of the de-

ceased employee . . . for a period not exceeding 300 weeks, a weekly compensation equal to sixty-six and two-thirds per cent of the deceased employee's average weekly wages, but not less than fifteen nor more than twenty-five dollars per week. . . ."

If the statute is to be applied literally, it is obvious that the plaintiffs are entitled to a total of $23.32 a week rather than the sum of $18 a week awarded by the Trial Court, since the former amount is equal to two-thirds of the decedent's average weekly wages. For the purpose of determining compensation, the statute as it stood at the time of the decedent's death, when the plaintiffs' rights arose (*Hirsch* v. *Hirsch Bros.*, 97 N. H. 480; *Globe Ind. Co.* v. *Peckham*, 97 N. H. 487), made no distinction between persons wholly dependent, and persons partially dependent, upon the earnings of the deceased employee. The defendants argue that literal enforcement of the statute would provide benefits for the plaintiffs in excess of contributions made by the decedent during his lifetime, and that such a result should not be assumed to have been intended by the Legislature. The statement in *Opinion of the Justices*, 66 N. H. 629, 655, that "what is within the letter but not within the intention is not within the statute" is cited.

Prior to enactment of the present Workmen's Compensation Law in 1947, the Employers' Liability and Workmen's Compensation statute provided for lesser amounts of compensation for partial dependents than for those wholly dependent. *Lapoint* v. *Winn*, 81 N. H. 357, 358. As originally enacted it provided for partial dependents a part of the total benefit in the proportion which the amount of the decedent's contributions to them bore to his "total wage." Laws 1911, *c.* 163, *s.* 6 (1) (b). In the statutory revision of 1926, this language was changed to provide for payments in the proportion which the contributions to partial dependents bore "to the total support of the dependents." P. L., *c.* 178, *s.* 19 II; R. L., *c.* 216, *s.* 20 II.

The act of 1947 under which this case arose contained no comparable provision. By amendment in 1951 however, provision was again made for a distinction between total and partial dependents, in substantially the language first used in the revision of 1926. By that amendment "any [partial] dependent" is entitled to a part of the benefits provided for those wholly dependent in the proportion which the decedent's contributions to partial dependents bore "to the total support of the dependents." Laws 1951, *c.* 55. See also, *id.*, *c.* 74.

In 2 Larson, Workmen's Compensation Law, s. 64.20, "New Hampshire, s. 19 II" is cited for the statement that this state is one of seven whose acts provide "that the partial dependent shall receive the percentage of the sum available to a total dependent that the deceased's average contribution bore to the dependent's own total income." Such acts are there contrasted with other statutes under which a partial dependent receives "the percentage of the sum available to a total dependent that [the] average contribution bears to deceased's earnings during the same period." It is reasonably clear that the latter formula, rather than the former, was established by our statute as originally enacted in 1911. Whether the revision of 1926 (s. 19 II), or the amendment of 1951 (s. 20 V) operated to put into effect the formula which the treatise cited above ascribes to New Hampshire is not entirely plain. Whether the words "total support of the dependents" mean the total "income" of partial dependents, or the total "cost of support" of partial dependents, or of all dependents, this court apparently has never had occasion to consider.

We are not now called upon to construe the 1951 amendment, since the parties agree that it has no application to the case at bar. However the defendants do contend that it is a "clarification" of legislative intention, pre-existing in 1947, that partial dependents should not be benefited to the same extent as total dependents. This view we are unable to adopt. Having before it at the time of enactment the prior statute providing different benefits for total and for partial dependents, the Legislature chose to incorporate in the 1947 act no provision which would make any distinction. The omission tends rather to indicate an intention that the distinction should not be carried forward into the new act. *Cf. Bolduc* v. *Company*, 96 N. H. 235, 238.

Nor do we consider that the omission of such a differentiation necessarily violates fundamental concepts underlying the statute, as the defendants contend. Compensation is not governed by common law rules of compensatory damages. *Holland* v. *Company*, 83 N. H. 482. It is intended to afford limited relief for loss of earning capacity. *Freeman* v. *Pacific Mills*, 84 N. H. 383, 385. "It is to meet some of the loss from injury . . . ." *Holland* v. *Company*, *supra*, 484. See 1 Larson, *supra*, ss. 1.20, 2.50. It does not purport to establish insurance based upon actual need. 1 Larson, *supra*, s. 3.30, *p*. 20. See Prosser on Torts, 533, 534; 58 Am. Jur. 579. In consequence, administration of the statute may in particular cases

produce results which might be considered arbitrary by common law standards. Thus under section 20 III of the present law, in the case of remarriage of a widow benefits payable to minor children are thereupon increased by the amount formerly payable to the widow. They may thereupon exceed the actual contribution made by the decedent for the children's benefit during his lifetime. Again, the statutory minimum of fifteen dollars a week, if paid to a single partial dependent might well exceed the contributions previously made by the decedent; yet the statute contains no suggestion that the minimum should be reduced in such a case. Similar results obtain in the application of statutory formulas for apportioning awards among dependents. They may reduce benefits to partial dependents to a point out of proportion to benefits for total dependency; or they may produce benefits bearing little relation to actual contributions made during the decedent's lifetime. See 2 Larson, *supra, s.* 64.20, *p.* 128. And even when no dependents survive, certain payments are required of the employer. Laws 1947, *c.* 266, *ss.* 20 IV, 45.

The fact that a literal application of the statute will over a limited period afford weekly benefits to the plaintiffs in excess of the weekly contributions found to have been received by them from the decedent does not appear to us necessarily to contravene the legislative intent. By the employee's death the plaintiffs were deprived not only of continuance of contributions previously enjoyed, but also of any potential increase in contributions in the future, and of their possible continuance for more than 300 weeks. See *Zahrobsky* v. *Company,* 344 Pa. 446. We find no reason to assume a legislative intent that weekly benefits provided should never exceed the actual weekly contributions of the decedent. The plaintiffs are each entitled under the applicable statute to $11.66 a week, and the decree must be modified accordingly.

The denial of the plaintiff's motion to amend the decree with respect to compensation in the event of death of either plaintiff was proper. The statute makes no provision for a decree such as the plaintiffs seek, and the rights which accrued to each are personal and do not survive to the other. *Diamond* v. *Employers' &c. Co.,* 97 N. H. 510. Whether a survivor of the plaintiffs would become entitled to the statutory minimum of fifteen dollars need not be decided, for the question may never arise. The exception to denial of the motion for a decree that in the event of death of one of the plaintiffs the full amount be paid to the survivor is overruled.

*Decree for each plaintiff in the sum of $11.66 per week.*

Goodnow, J., did not sit: the others concurred.