Strafford,
No. 4821.

EDWARD J. BRYAN & a. v. GONIC MANUFACTURING CO. & a.

Argued April 5, 1960.

Decided April 29, 1960.

*Burns, Bryant & Hinchey* (*Mr. Bryant* orally), for the plaintiffs.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Joseph F. Devan* (*Mr. Devan* orally), for the defendants.

WHEELER, J. The issues presented here are whether partial dependency existed in fact at the time of decedent's death and whether the award of compensation was correctly computed in accordance with the provisions of RSA 281:22 V.

The Trial Court found that the decedent, a strong husky boy 17 years old at the time of the accident, before becoming employed by the defendant did part-time work in a market during 1955-56. His salary then averaged $16 per week which he regularly turned over to the plaintiffs who used it for usual household expenses including their own support.

After George became employed by the defendant his take home pay averaged $48.25 per week which he regularly contributed to the plaintiffs who used it for the support of the household. Out of this they gave him $6 per week spending money. The cost of George's support averaged $20 per week which included the spending money.

The decedent worked after school and full time on week ends on his father's poultry farm tending a flock of some 1800 laying hens. This work continued after his employment by the defendant. It was found that the value of this work was over $20 per week. After George's death his father reduced the number of birds in his flock because of his inability to care for so many without additional help. It was properly found that the plaintiffs relied upon the decedent's contributions toward the support of the household and expected they would continue.

RSA 281:2 VII defines dependents as follows: "Dependents, shall mean the . . . parents . . . who were wholly or partially

dependent in fact upon the earnings of the employee for support at the time of the injury."

It is the position of the defendants that the plaintiffs were not "in fact" dependent upon their son for support. The question of whether dependency "in fact" existed must be resolved on the basis of the evidence taken as a whole. Under the present law, as under the former one, the fundamental test of dependency is that of "reliance" upon earnings "for means of living." *Lapoint* v. *Winn*, 81 N. H. 357, 359.

In a factual situation less favorable to the plaintiff than presented here this court pointed out that dependency should not be determined "by a mathematical balancing of accounts" and adopted as the test of partial dependency the following language: "In such situation the true test of partial dependency is whether [the parents] regularly received from the son's wages a part of [their] support, and whether there was ground for reasonable expectation on [their] part that the son would continue to contribute to [their] maintenance . . . . " *Colby* v. *Varney*, 97 N. H. 130, 134. Similar tests to establish dependency have been established in other jurisdictions. See *Air Castle* v. *Industrial Commission*, 394 Ill. 62.

The Court found that the decedent turned in a substantial portion of his weekly earnings which went for the support of all the family and that his parents relied upon it and expected it to continue. It is true that one of the plaintiffs testified that the cost of supporting them both for a week was forty dollars, and that the evidence indicated that their income from the poultry business in 1956 averaged about $46 a week. This does not establish as a matter of law however that the parents were not dependents. What expenses were taken into account in estimating the cost of support at $40 did not appear. The Court found that the decedent furnished the plaintiffs with $16 a week in early 1956, and that following his employment by the defendant, he turned over to them his average wage of $48.25 a week less what he kept for spending money. It could be found that the total cash income thus received by the parents from both sources was used for their support, since the evidence was that there were no savings or accumulations from these funds. The cost of supporting the decedent, estimated by his parents at twenty dollars a week, was more than off set by the value of his work on the poultry range, which the Trial Court

found had a value of $33 a week, and which operated to increase the net return to the parents from the poultry business.

Thus the Trial Court was justified in finding that the decedent's contributions from wages were in fact used and relied upon by his parents for their support, even though there was evidence to warrant a finding that they could have subsisted without them on $40 a week. *Air Castle* v. *Industrial Commission, supra; State ex rel Hayden* v. *District Court,* 133 Minn. 454.

The evidence warranted the finding of partial dependency and the defendant's exception thereto is overruled.

The defendants' next and final contention is that the award of $16.50 per week to each plaintiff as a partial dependent is contrary to the formula set forth in RSA 281:22 V which provides: "Any dependent as defined herein, who at the time of the injury of the injured is in part only dependent upon his earnings, shall receive such proportion of the benefits provided for those wholly dependent as the amount of the wage contributed by the deceased to such partial dependents at the time of injury bore to the total support of the dependents."

The Court found in effect that the plaintiffs were at least fifty per cent dependent on the decedent. This was warranted by the evidence that the income from the poultry business averaged about $46 a week in 1956, and that the decedent's contributions from wages after his employment by the defendant averaged approximately the same amount. The extent of the dependency was correctly determined as of the date of injury. *Am. &c. Ins. Co.* v. *Ohmart,* 100 N. H. 167, 169. Under the statute as amended in 1951, it was also properly determined in the proportion which "the amount of the *wage* contributed" bore to total support. (Emphasis supplied).

The Trial Court, however, erred in allowing to each of the plaintiffs fifty per cent of the "benefits provided for those wholly dependent." RSA 281:22 V, *supra.*

While the finding of fifty per cent dependency is sustainable on the record the defendants' exception to the amount of the award must be sustained. The plaintiffs under the statute, *supra,* are only entitled to a proportion of the "benefits provided for those wholly dependent." Here the maximum benefits were $33 per week for all "those wholly dependent." For the partial dependency in this case, the employer is required to pay only half of the maximum benefits of $33, subject to the statutory minimum of

$20 (Laws 1955, *c.* 98, *s.* 3) which the plaintiffs are entitled to share between them. See *Colby* v. *Varney,* 98 N. H. 99, 103.

*Exceptions sustained in part and overruled in part.*

All concurred.