## Kenneth E. Jewell et al v. Olson Construction Co. et al

[ 175 A.2d 509 ]

September Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1961

*Monti & Free* for the plaintiff.

*Theriault & Joslin* for the defendant.

**Barney, J.** Awards to parents making claim under the Workmen's Compensation Act, 21 V.S.A. §§632-34, can be supported only if the parents are "actually dependent" on the deceased employee, either wholly or partially. In this case the defendant employer and insurer say that the special verdict returned by the county court jury finding partial dependency lacks support in the evidence.

The specific claims of error brought here for review by the defendants relate to their motions to take the issue of dependency from the jury. At the close of the plaintiffs' case and at the close of all of the evidence the defendants moved for a directed verdict; after the jury's verdict was received, the defendants moved that it be set aside and judgment entered in their favor. The issue of dependency is therefore presented only as a matter of law. *Sawyer* v. *Ewen,* 122 Vt. 320, 173 A.2d 549, 550-1; *O'Brien* v. *Dewey* 120 Vt. 340, 346, 143 A.2d 130. Resort to the trial court's discretionary power to grant a new trial was not sought below. Thus the verdict must stand if there is evidence fairly and reasonably tending to support it. *Campbell* v. *Howard National Bank,* 118 Vt. 182, 184, 103 A.2d 96.

The case as presented to the Commissioner of Industrial Relations persuaded him of the partial dependency of the parents. From this finding the defendants appealed to Orange County Court under the provisions of 21 V.S.A. §670. There, as we have seen, the jury likewise found affirmatively on the question of partial dependency. We are moved to quote Reginald Parker's statement in Administrative Law Problems in the Unemployment Insurance Program, 8 Vand. L. Rev. 436, 450: "There is no magic faculty in a court that enables it to discern the facts, by reviewing a record or even by hearing witnesses *de novo,* more accurately than a commissioner who has heard and seen the evidence." Similar considerations may come into play when appellate courts test, by an examination of the transcript, a jury's evaluation of evidence received first hand.

Each case must stand on its own facts when being so reviewed, and an exhaustive recitation of the evidence below would serve no useful purpose. However, a brief description of the family circumstances will aid understanding of the issues, and adequately present the factors significant in the testing of the sufficiency of the evidence to raise an issue for a trier of fact.

Philip, the son of the claimants, was accidentally electrocuted while operating a crane for the defendant Olson Construction Company. His death in the course of his employment raised the question of the eligibility of his parents for compensation as qualified dependents under the Workmen's Compensation Act. The facts relating to the family situation were largely uncontroverted, whereas their legal implications were the subject of a strenuous contest.

The claimants operated a farm with a herd of about twenty-five cows, supporting themselves and two sons, ages 17 and 14, and a daughter living at home. The father, in addition to operating the farm, received an hourly wage for driving a milk truck eight to ten hours a day for the Whiting Milk Company.

Philip lived at home and performed the services of a hired man, doing the evening chores, helping with the haying, plowing and fertilizing and contributing about 20 to 25 hours of general farm work a week. During this period the income from two cows owned by Philip went to his parents. He paid his mother $2.50 a week for putting up his lunches and provided the transportation for the weekly marketing. In return, Philip was furnished board, room and laundry. He made no money contribution other than those mentioned, nor did he furnish any necessities.

As a consequence of Philip's death, the claimants had to hire some outside labor and were compelled to reduce the size of the herd by eight or nine cows. The father also had to spend more time on farm work and had to cut down on the number of hours he drove the milk truck. He never collected any of his son's wages and testified he was always able to support his family.

█ It should be said here that this Court, on such an appeal, is not to weigh the evidence and determine for whom it preponderates. Rather, it is to discover whether or not there is evidence in the case providing a substantial factual foundation upon which a verdict can rest. The verdict can be rejected as a matter of law only if the evidence upon which the jury acted had no probative worth; or proportionally was so slight as to be irrational as a basis for a verdict; or if it appears that improper considerations substantially influenced the result. Findings of the Commissioner of Industrial Relations reviewed on appeal as a matter of law would be similarly tested. *Blue Ribbon Pie Kitchens, Inc.* v. *Long,* 230 Ind. 257, 103 N.E.2d. 205. In this

case, as in that, the evidence supports a finding that the loss of the contributions from the son substantially reduced the income-producing ability of the family and thereby adversely affected their standard of living. This is a sufficient foundation for the verdict rendered in this case. See also *Bryan* v. *Gonic Manufacturing Co.*, 102 N. H. 472, 160 A.2d 682, 684.

■ The defendants, as part of their attack on the verdict, assert that the jury went astray in applying the law given them by the trial court to the facts in evidence. However, they have brought here no complaint about the court's charge and took no exception to its content with respect to dependency. They cannot now urge any theory of dependency other than that given by the court at the trial. *Loomis* v. *Graves*, 116 Vt. 438, 440, 77 A.2d 838; *Perkins* v. *Vermont Hydro-Electric Corp.*, 106 Vt. 367, 417, 177 Atl. 631. This has the effect of leaving them with the proposition that on the evidence presented and under the charge of the court, as a matter of law, no jury could find otherwise than that no dependency existed. This is the very question which we have just determined adversely to the defendants and requires no further comment. *Perkins* v. *Vermont Hydro-Electric Corp., supra*, at 414.

*Judgment affirmed. Let the result be certified.*