BLANCA ESTRELLA ROIG, Petitioner, *v*. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 607.     Decided April 9, 1963.

*Ramos & Latoni* for petitioner.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Pursuant to an order entered by the Industrial Commission of Puerto Rico, appellant Blanca Estrella Roig, an insured employer, hired Florentino Rivera Martínez, a minor 18 years of age, to work on a property belonging to the insured employer, spraying herbicide, which task caused his death from poisoning. The Manager of the State Insurance Fund determined that it being the case of a minor employed in contravention to the existing laws at the moment of his death, the insured employer, Blanca Estrella Roig, had to pay the beneficiary, Florencio Rivera, the minor's

father, an amount equal to the amount that the State Insurance Fund had to pay. Feeling aggrieved by this determination, the insured employer appealed to the Industrial Commission of Puerto Rico.

During the hearing before said Commission evidence was introduced to the effect that the sole beneficiary of the minor was his father, Florencio Rivera, a small farmer with a property of five and a half cuerdas, who testified that the minor delivered to him everything he earned, although he did not ask him to because the father did not need it. The insured employer attempted to establish, on cross-examination, that the father did not depend, wholly or partially, on the earnings of the minor and, therefore, she was not bound to pay any compensation. The Manager alleged, on his part, that the only right that the law vested on the insured employer was to prove that the minor had permission to work from the Secretary of Labor, but that the insured employer could not intervene with any aspect of the compensation fixed by the Manager nor with the declaration of beneficiaries or dependents. The Industrial Commission upheld the view of the Manager and this review stems from this controversy.

The law applicable to the case is § 3 of Act No. 45 of April 18, 1935, as amended by Act No. 101 of June 24, 1960, which with respect to everything connected with this kind of accident, provides: "In the case of workmen under eighteen (18) years of age employed in violation of the laws in force on the date of employment who suffer injuries or contract occupational diseases in accordance with the terms of this act, the compensation accruing to them in case of disability, or to their beneficiaries in case of death, shall be double the amount accruing to a workman eighteen (18) years of age legally employed; provided, that the employer shall pay the additional compensation provided herein, the amount of which shall constitute a lien on all the property of the employer and shall be paid in the manner provided in this act for the collec-

tion of the compensation in cases of uninsured employers; and provided, also, that the Manager of the State Insurance Fund shall, before collecting such additional compensation from the employer, transfer the record to the Industrial Commission, in order that the latter may give the employer and the workman opportunity to be heard in their defense."

In her petition for review before us the insured employer assigns two errors: (1) The refusal to give the employer an opportunity to present evidence and the fact that the beneficiary did not depend wholly or partially on the minor, violates § 7 of Art. II of the Constitution of the Commonwealth of Puerto Rico because it deprives her of her property without due process of law; (2) the opportunity to be heard and defend herself established in § 3 of the Workmen's Accident Compensation Act, as amended by Act No. 101 of June 24, 1960, refers to all the questions included and without any limitations whatsoever.

The so-called "sole defenses" "sole grounds" seem to have originated in the state of law created by the amendment of § 3 of Act No. 45 of April 18, 1935, added by Act No. 162 of May 14, 1943, which provided: *"Provided,* That the double penalty to which this Section refers shall not be applicable to the case of an employer who has been induced to error by the physical appearance of the minor or by a sworn statement made by the father, the mother, or the tutor or guardian of the minor prior to the minor's employment, stating that he is of age." In the case of *Heirs of Lledó* v. *Industrial Commission,* 65 P.R.R. 404 (Travieso) (1945), we held at p. 408: "The lawmaker, then, has granted to the beneficiaries of a minor employed in violation of the law, the right to receive double compensation for the death of the minor resulting from a labor accident. In order that the employer may be exempt from the obligation thus imposed upon him, he must prove (1) that the physical appearance of the minor induced him to believe that the minor had really attained the age

fixed by the statute; or (2) that he was induced to error by a sworn statement made by the father, the mother, or the guardian of the minor prior to the latter's employment, setting forth that the minor had attained the age which enabled him to be lawfully employed in the kind of occupation in which he was injured or killed. In the case at bar, the petitioning employers based their claim for exemption on *the two sole grounds* acknowledged by the statute."

As we have seen, when § 3 of the Workmen's Accident Compensation Act was amended by Act No. 101 of June 24, 1960, the *provided* clause on which our decision in the *Lledó* case was predicated was eliminated. Since the accident which gave rise to this case took place on August 26, 1960, it is unquestionable that it is covered by the amendment of § 3 of 1960 which went into effect July 1, 1960 by express provision of law. This being so, the decision in the *Lledó* case, as to the *sole defenses* that may be presented by an insured employer in the case of the death of a workman under age, does not prevail because the Act on which the decision was based was amended. The same reasoning could be applied to the decision of the Industrial Commission in the case of *Juan Plaza Alicea* v. *State Insurance Fund*, 13 D.C.I. 433 (Janer) (1947), and to our order of November 5, 1947 in appeal No. 383—*Vicente Zayas Pizarro* v. *Industrial Commission of Puerto Rico*—in which we refused to review the decision of the Industrial Commission in the case of Juan Plaza Alicea, on which the Industrial Commission seems to rely in this case.

In a subsequent decision of this Court: *Juan Bigas, Sucres.* v. *Industrial Commission*, 71 P.R.R. 313, 317 (Negrón Fernández) (1950), in which one of the so-called "sole defenses" was involved—to determine the age of an incapacitated minor 18 years of age, for the purpose of double compensation—it was decided: "Although in the exercise of its authority the Industrial Commission has the powers

expressly conferred upon it by the Act creating it, it has also those necessary and incidental powers to the full exercise of its jurisdiction and authority. . . . It is evident, therefore, that if the Industrial Commission was vested with the power—and the duty—of giving the employer and the workmen 'the opportunity to be heard and defend themselves,' and the defense of the employer is that he is not bound to pay the additional compensation because the workman was over 18 years of age, it is incumbent on the Industrial Commission to decide this point in controversy. In doing so it acts in its *quasi* judicial capacity."

In this case the controversy refers to the lack of dependency of the beneficiary, but the rule of quasi judicial adjudication should be the same, for since the Act compels the insured employer to pay compensation in an amount equal to that accruing from the State Insurance Fund, part of his patrimony is affected by the declaration of dependency. The strict sense of justice which underlies the due process of law requires that the insured employer be permitted to cross-examine, in all its aspects, the witnesses presented by the Manager and also to present evidence in opposition thereto.

The fact that the insured employer is entitled to clarify and contradict the evidence of the dependency, does not disturb the tutelary power of the Industrial Commission of Puerto Rico of determining said dependency in the usual manner, always trying to do substantial justice to the workman within a remedial rather than strict intendment. Incidentally, in cases in which instead of different defendants or beneficiaries only a sole beneficiary exists, as in this case, the contribution of the minor children to their parents need not be large: 9 Schneider, Workmen's Compensation 67 (Thomas Law Book Co., 1950, 3d ed.) ; *Jewel* v. *Olson Construction Company*, 175 A.2d 509, 511 (Barney) (1961).

The foregoing decisions of the Industrial Commission of Puerto Rico should be reversed and the case remanded for

a new administrative hearing in harmony with the terms of this opinion.