NEMO FLORENTINE, PETITIONER-RESPONDENT AND CROSS-APPELLANT, v. R. A. McDONOUGH & CO., RESPONDENT-APPELLANT AND CROSS-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 13, 1978—Decided March 28, 1978.

Before Judges MICHELS, PRESSLER and BILDER.

*Mr. John F. Neary* argued the cause for appellant and cross-respondent (*Messrs. McElroy, Connell, Foley & Geiser,* attorneys; *Mr. George J. Kenny,* of counsel).

*Mr. John J. Sharkey, Jr.,* argued the cause for respondent cross-appellant (*Messrs. Jacobson and Silverman,* attorneys; *Mr. Irving Silverman,* of counsel).

The opinion of the court was delivered by

MICHELS, J. A. D. Respondent R. A. McDonough & Co. appeals from a judgment of the Division of Workers' Compensation awarding partial dependency benefits to petitioner Nemo Florentine and his wife Gertrude Florentine as a

result of the work-connected death of their son, decedent Frederick Florentine. Petitioner cross-appeals from that portion of the judgment establishing the weekly compensation rate.

Decedent was employed by respondent as a pilot to operate an airplane that respondent had leased for use in connection with corporate business. He was killed in a crash while piloting the aircraft. Petitioner filed a dependency claim petition alleging that decedent's death arose out of and in the course of decedent's employment. Additionally, the petition claimed that he and his wife were dependent upon decedent and hence are entitled to compensation under the Workers' Compensation Law of New Jersey. Respondent conceded that decedent's death was work-related, but denied that petitioner and his wife were dependents of decedent.

The proofs established that decedent had resided with his parents prior to his death and had contributed approximately $200 a month to the household from his earnings of $20,000 a year. On occasion he also gave his parents gifts, such as an automatic garage door opener and a home freezer. He also contributed approximately $10,000 towards the down payment of their present home. In addition, decedent did much of the maintenance and repair work around the house, such as regularly cutting the lawn and shoveling snow. The proofs also showed that decedent's contributions were relied upon by petitioner and his wife to maintain their mode or standard of living, which was much higher while decedent was alive. In fact, petitioner testified that it has been rather difficult for them to meet their bills since decedent's death. He also testified that after his son died he had to hire someone to cut the lawn at $4.50 an hour and to shovel the snow at $20 each snowfall. In general, he must now pay others to do work that decedent had formerly done.

At the conclusion of the trial the judge of compensation found that petitioner and his wife were dependents of decedent. She further found that decedent contributed to the

household $200 a month in cash and $340 a year in services. The judge computed the "partial dependency rate" at $16.30 a week and awarded petitioner benefits of $7,335. This appeal followed.

█ Respondent contends that petitioner and his wife were not dependents of decedent. We disagree. *N. J. S. A.* 34: 15–13, in pertinent part, provides:

f. The term "dependents" shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or the occurrence of occupational disease, or at the time of death, namely: Husband, wife, parent, stepparents, grandparents, children, stepchildren, grandchildren, child in esse, posthumous child, illegitimate children, brothers, sisters, half brothers, half sisters, niece, nephew. Legally adopted children shall, in every particular, be considered as natural children. Dependency shall be conclusively presumed as to the decedent's widow and to the natural children under 18 years of age of a male or female decedent who were actually a part of the decedent's household at the time of his death. Every provision of this article applying to one class shall be equally applicable to the other. Should any dependent of a deceased employee die during the period covered by such weekly payments the right of such dependent to compensation under this section shall cease but should the widow of a deceased employee remarry during such period and before the total compensation is paid, she shall be entitled to receive the remainder of the compensation which would have been due her had she not remarried, or $1,000.00 whichever is the lesser. The foregoing schedule applies only to persons wholly dependent, and in the case of persons only partially dependent, except in the case of the widow and children who were actually a part of the decedent's household at the time of his death, the compensation shall be such proportion of the scheduled percentage as the amounts actually contributed to them by the deceased for their support constituted of his total wages and the provision as to a $15.00 minimum shall not apply to such compensation. * * *

Chief Justice Weintraub, in his opinion in *Ricciardi v. Damar Products Co.,* 45 *N. J.* 54 (1965), points out that

A showing of actual dependency does not require proof that, without decedent's contributions, claimant would have lacked the necessaries of life. The test is whether his contributions were relied on by claimant and to maintain claimant's accustomed mode of living. [at 62]

See also, *Reilly v. Weber Engineering Co., Inc.,* 107 *N. J. Super.* 254, 262 (Law Div. 1969).

Applying this standard, we are satisfied that petitioner and his wife were dependent upon decedent. Our study of the record in the light of our well-defined appellate function convinces us that the findings and conclusions of the judge of compensation in this regard could reasonably have been reached on sufficient credible evidence on the record as a whole. *De Angelo v. Alsan Masons, Inc.,* 122 *N. J. Super.* 88, 89–90 (App. Div. 1973), aff'd o.b. 62 *N. J.* 581 (1973); *Close v. Kordulak Bros.,* 44 *N. J.* 589, 599 (1965).

Respondent also contends that even if petitioner and his wife were dependents of decedent they were not dependents to the extent determined by the judge of compensation. Respondent argues that decedent's contributions should be diminished by his share of the household expenses. We disagree. The dollar amount of dependency is to be measured by deducting from the contribution made by the decedent only so much as was expended for decedent alone. No deduction may be made for items such as rent, heat, light and telephone which are essentially the same whether the house is occupied by two or three and which the survivors have to meet in full to continue their established mode of living. *Ricciardi v. Damar Products Co., supra* 45 *N. J.* at 63–64. *Cf. Rolnick v. Industrial Engineers,* 133 *N. J. L.* 475 (Sup. Ct. 1945), aff'd o.b. 135 *N. J. L.* 201 (1947); *Delanoy v. N. J. Dairy Laboratories,* 130 *N. J. L.* 407 (Sup. Ct. 1943).

However, we agree with respondent that petitioner failed to establish the dollar amount of the contribution made by decedent to the household expended for decedent alone. As we have pointed out above, such expenses would be properly deductible from decedent's contribution in determining the dollar amount of dependency. Under the circumstances the matter must be remanded to the Division for additional testimony and findings and determination as to this issue.

■ Finally, respondent claims that the amount of decedent's contribution to the household should not have included the value of the services he performed during his lifetime for which petitioner is now compelled to pay. While there is no reported decision in New Jersey directly on point, there are reported decisions in other states which hold that such services may properly be considered in determining dependency, with which we are in accord. See *Murphy v. Franklin County*, 259 *Iowa* 703, 145 *N. W.* 2d 465 (Sup. Ct. 1966); *Jewell v. Olson Constr. Co.*, 122 *Vt.* 434, 175 *A.* 2d 509 (Sup. Ct. 1961); *Colby v. Varney*, 98 *N. H.* 99, 95 *A.* 2d 113 (Sup. Ct. 1953); 2 *Larson, Workmen's Compensation Law* (1976), § 63.12 at 11–70. The theory supporting inclusion of the value of services in computing the contribution of decedent is that loss of services effects dependents' accustomed mode of living when he pays for such substitute services. Petitioner has met his burden of proof here by showing that he and his wife have incurred additional expenses by having to substitute paid help for decedent's services. The judge of compensation properly included these costs in determining the amount contributed by decedent.

Petitioner contends on his cross-appeal that the judge erred in computing the partial dependency rate and that the rate should have been $28.98 a week rather than $16.30. He claims that the error was made in failing to use the proper factor of 55% for two dependents referred to in *N. J. S. A.* 34:15–13(b). We agree. The mathematical computation by the judge in this case was incorrect and upon remand we direct that the computation be made in conformance with *N. J. S. A.* 34:15–13 and *Ricciardi, supra* 45 *N. J.* at 64–67.

Accordingly, those portions of the judgment of the Division of Workers' Compensation determining that petitioner and his wife are dependents of decedent and that the cost of substituted services previously and regularly performed by decedent are includible in computing the amount of the contribution are affirmed. Except as to this limited extent,

the judgment of the Division is reversed and the matter is remanded for additional testimony and findings and determinations as to (1) the amount of decedent's cash contribution to the household utilized solely for decedent, and (2) the computation of compensation to be paid petitioner in accordance with *N. J. S. A.* 34:15-13 and *Ricciardi, supra* at 64-67.