MARY GALLAGHER, PETITIONER-APPELLANT, v. ENGELHARD
INDUSTRIES, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 16, 1986—Decided May 1, 1986.

Before Judges O'BRIEN, SIMPSON and SCALERA.

*Marc J. Gordon* argued the cause for appellant (*Margolis & Gordon,* attorneys; Wayne J. Menz, on the brief; *Marc J. Gordon,* on the reply brief).

*Patrick J. McAuley* argued the cause for respondent (*Connell, Foley & Geiser,* attorneys; *George J. Kenny,* of counsel; *Thomas E. Ryan,* on the brief).

The opinion of the court was delivered by

SIMPSON, J.A.D.

Petitioner appeals from that portion of a May 1, 1985 workers' compensation judgment that awarded her partial dependency benefits under *N.J.S.A.* 34:15–13f. on account of the work-related death of her son, George Gallagher. The sole issue is whether there was error in awarding petitioner partial rather than full dependency benefits. We affirm the judgment, for the reasons hereafter stated, partially on the basis of Judge Shteir's oral opinion below and partially in the exercise of our original jurisdiction—there being no remaining genuine issues of material fact and the matter ripe for summary disposition as a matter of law. *R.* 2:8–3(b).

Mary Gallagher, now 79 years of age, lived with her husband until his death on March 22, 1983. She then began receiving increased social security benefits—apparently increased from $245 to $567 per month. Their son, George, lived with them all his life. He contributed $35 per week to petitioner for six or seven years prior to his death on July 10, 1983. Mrs. Gallagher had no other income. Respondent conceded that petitioner was entitled to dependency benefits, but the judge apparently erred in concluding that the parties agreed that only partial dependency benefits were due. In any event, respondent does not contest the allowance of $17.50 per week for 450 weeks on the basis of *N.J.S.A.* 34:15–13 that provides in pertinent part:

> Except as hereinafter provided, in case of death, compensation shall be computed, but not distributed, on the following basis:
>
> a. For one dependent, 50% of wages.
>
> ....
>
> f. ... The foregoing schedule applies only to persons wholly dependent, and in the case of persons only partially dependent ... the compensation shall be such proportion of the scheduled percentage as the amounts actually contributed to them by the deceased for their support constituted of his total wages....

Judge Shteir followed the formula (as modified by an amendment to the statute increasing the percentage from 35% to 50%) set forth in *Ricciardi v. Damar Products Co.*, 45 *N.J.* 54, 65 (1965):

$$\frac{\text{Contribution}}{\text{Wages}} \times \text{scheduled percentage } (50\% \times \text{wages}) = \$35 \times 50\%$$

$$= \$17.50$$

In *Ricciardi*, Chief Justice Weintraub noted the anomaly of this statutory provision (now *N.J.S.A.* 34:15–13f.), in that the decedent's wages cancel out in applying the formula to partial dependencies—but that is a matter for the Legislature. In any event, *Florentine v. R.A. McDonough & Co.*, 158 *N.J.Super.* 16, 20 (App.Div.1978) makes clear that the "contribution" portion of the formula includes not only the cash contributions by

the son in a partial dependency case—but can be increased by the value of services contributed by the decedent and should be decreased by the portion of the cash contribution expended for the decedent alone. The correct formula in a case like this would be:

$$\frac{\$35 \text{ per week cash contribution } + \text{ value of services—expenditures solely for decedent}}{100\% \text{ of wages}} \times 50\% \text{ of wages}$$

Petitioner offered no proofs, however, of value of services—and respondent has not contended that there should be any reduction of the weekly cash contribution by expenditures solely for decedent. We therefore conclude that the $17.50 partial dependency benefit calculation could reasonably have been reached on sufficient credible evidence present in the record, after giving due weight to the judge of compensation's expertise in the field and his opportunity to hear and observe the witnesses. *Close v. Kordulak Bros.*, 44 *N.J.* 589, 599 (1965); *De Angelo v. Alsan Masons, Inc.*, 122 *N.J.Super.* 88, 89–90 (App.Div.1973), aff'd o.b. 62 *N.J.* 581 (1973).

Petitioner seeks full dependency benefits, however, on a "reasonable probability that George Gallagher, had he survived and returned to work, would have supported his mother in toto." While the decedent might have increased his contributions towards the support of his mother, in view of the death of his father, it is apparent that he could not have provided petitioner's full support because of her receipt of social security benefits. While there are no reported New Jersey opinions involving such income, the out-of-state cases are clear on this point and collected in 2 *Larson, Workmen's Compensation Law,* § 63.13, p. 11–121 to 11–122 and footnotes 17.1 and 17.3 (1983). See also, *Cassaro v. Peerless Color Co., Inc.*, 14 *N.J.Misc.* 92 (N.J.Dept.Labor, 1936).

We hold that petitioner's receipt of social security benefits precludes her from receiving full dependency benefits,

based upon her deceased son's contributions, under *N.J.S.A.*
34:15–13f. Cases such as *Reilly v. Weber Engineering Co.,
Inc.,* 107 *N.J.Super.* 254, 262 (App.Div.1969), involving surviv-
ing spouses and children actually a part of decedent's house-
hold, are not subject to the reduction from full to partial
dependency benefits because of a specific exception in the
statute for persons of such status. Finally, to the extent the
record fails to reflect a specific finding of fact by Judge Shteir
on the issue of partial or total dependency, we exercise our
original jurisdiction and so determine.

Affirmed.