(100 South. 768)

Ex parte TERRY et al. (6 Div. 966.)

(Supreme Court of Alabama. June 12, 1924.)

**I. Master and servant ⬯371—Injury "arising out of employment" within Compensation Act, defined.**

Injury may arise out of employment within Workmen's Compensation Act, though act or conduct to which proximately referable was not within scope of authority nor strictly within line of duty, and injury was not anticipated risk of service, if act reasonably related to service, and was done in good faith and in furtherance of employer's business.

**2. Master and servant ⬯373—Injuries to employé assaulted by suspected thief of master's property held compensable as "arising out of employment."**

Injuries to team foreman, charged with duty of guarding employer's property, by assault by one whom he suspected of having stolen property and asked if he had seen missing articles, *held* compensable as "arising out of employment" within Workmen's Compensation Act, § 36 (2) (J).

Certiorari to Circuit Court, Fayette County; R. L. Blanton, Judge.

Petition by T. C. Terry and another for writ of certiorari, to review judgment for Tiney J. Moore in proceeding under Workmen's Compensation Act. Writ denied, and judgment affirmed.

From the finding of fact made by the trial judge it appears that the plaintiff was employed as a team foreman by the defendant, and that among his duties was that of looking after and protecting his employer's property; that the loss of certain wagon or logging equipment being reported to him, he made a search and found it behind a log; that plaintiff suspected one Wallace of having stolen the articles and put them there, and that he was justified in this suspicion; that later, seeing Wallace (to whom this suspicion had not been communicated), plaintiff asked him if he had seen the articles up the road; that Wallace became angry and cursed plaintiff, and a difficulty was narrowly averted; that soon thereafter Wallace with his brother went to the mill yard and without warning cut plaintiff with a knife, injuring him.

B. F. Smith, of Birmingham, for petitioners.

Plaintiff's injury was inflicted by a third person for personal reasons, and is not compensable. Acts 1919, p. 238, § 36; 1 Honnold on Workmen's Comp. pp. 435, 439.

S. T. Wright, of Fayette, opposed.

The injury was sustained in the course of plaintiff's employment. Majestic Coal Co. v.

———

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Polo, 208 Ala. 86, 93 South. 728; House v. L. & N., 208 Ala. 216, 94 South. 289; Ward & Gow v. Krinsky, 259 U. S. 503, 42 Sup. Ct. 529, 66 L. Ed. 1033, 28 A. L. R. 1207.

SOMERVILLE, J. Under the provisions of our Workmen's Compensation Act "personal injuries * * * arising out of and in the course of his [the workman's] employment" do not include "an injury caused by the act of a third person or fellow employé intended to injure the employé because of reasons personal to him, and not directed against him as an employé, or because of his employment." Gen. Acts 1919, p. 238, § 36 (2) (J).

The only controverted question in the instant case is whether the injuries suffered by the plaintiff—knife wounds inflicted upon him by Elbert Wallace in the course of a felonious assault made by Wallace on the plaintiff, as shown by the findings of the trial court—arose out of plaintiff's employment, within the restrictive definition of the act, as quoted above.

As is well understood, our act is in many important particulars a literal copy of the Workmen's Compensation Law of Minnesota. Gen. Stat. Minn. § 8230 (1). The provision above quoted is in the identical language of a provision of the Minnesota law, which had been extensively considered and construed by the Supreme Court of Minnesota before its incorporation in our law.

What was said by that court in State ex rel. Duluth Brewing & M. Co. v. District Court, 129 Minn. 176, 151 N. W. 912, is of apt application here:

"We shall not attempt to formulate a definition of the phrase, accidental injury arising out of the employment, except to say that the accident causing the injury must arise out of work or business being done for the master either by direct or implied authority The trial court evidently took the view that De Cook in good faith believed he was furthering his master's business, and performing an act which he might reasonably be expected to do when he undertook to supply himself with a key. He had never been told that the light bulbs were to be under lock as to him who was charged with the duty of seeing that the broken and defective ones were replaced. He had a variety of matters to attend to in which he, like servants generally, had to rely on the promptings of his own judgment as to details. Undesirable, indifferent, and of little value indeed are the services of an employé who must be expressly directed as to the time, manner and extent of doing each particular task. Hence, when a servant undertakes in the course of his employment, during the proper hours therefor, and in the proper place to do something in furtherance of his master's business, and meets with accidental injury therein, the trial court's finding, that the accident arose out of and in the course of employment, should not be disturbed, unless it is clear to us that the ordinary servant, in the same situation, would have no reasonable justification for believing that what he undertook to do when injured was within the scope of his implied duties. If another servant duly engaged in the master's work had had his sight destroyed, instead of De Cook, in this accident the thought would have been almost irresistible that this law was meant to cover such injury. But, upon the facts in this case, we doubt whether De Cook should occupy a less favorable position. If the attempt to make a key was reasonably within the scope of his employment, the fact that, from ignorance or error of judgment, he made use of dangerous material, not provided by the master, should not necessarily exclude the conclusion that the injury arose out of the employment. The term cannot be restricted to injuries caused from anticipated risks of the service if the law is to be of the benefit intended."

That decision, with a number of others illustrating this subject, was reviewed by this court in Ex parte Majestic Coal Co. (Polo v. Majestic Coal Co.) 208 Ala. 86, 93 South. 728, 731.

[1] The effect of these and other well-considered cases is to firmly establish the principle, based of course upon the theory of a liberal rather than a strict or narrow construction, that an employé's injury may be properly held to have arisen out of his employment nothwithstanding that the act or conduct of the employé to which the injury is proximately referable was not within the scope of his authority nor strictly within the line of his duty, provided it was reasonably related to the service he was employed to render and was in good faith done or undertaken in furtherance of the employer's business; and notwithstanding, also, that the injury in question was not one of the anticipated risks of the service.

[2] Counsel for appellant has presented a strong and earnest argument for the denial of liability in this case resting mainly on the theory of plaintiff's departure from the line of his duty and authority in accosting Wallace as he did about the secreted and supposedly stolen tools belonging to his employer, notwithstanding his conceded duty to care for and safeguard the tools and other equipment used in the business and to anticipate and prevent their theft or loss at any time.

But, upon a thorough consideration of the facts as found by the trial court we cannot deny the conclusion that the assault grew directly out of plaintiff's question to Wallace; that that inquiry was reasonably and logically related to the service being rendered by plaintiff; that the inquiry, though not an actual duty, was made for protective purposes, and to show to such wrongdoers that their trespasses would not go undetected or unrebuked.

In this view of plaintiff's conduct, we feel bound, under the rule of construction above stated, to affirm the findings and judgment

of the trial court, holding that plaintiff's injuries, under the circumstances shown, arose out of his employment, and are compensable under our Workmen's Compensation Act.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.