(101 So. 608)

Ex parte SLOSS-SHEFFIELD STEEL & IRON CO.

POE et al. v. SLOSS-SHEFFIELD STEEL & IRON CO.

(6 Div. 86.)

(Supreme Court of Alabama.   Oct. 16, 1924.)

1. Master and servant ⬡412—Finding of trial court on facts held conclusive in compensation case.

Finding of trial court as to facts in workmen's compensation case *held* conclusive on appeal, in absence of bill of exceptions.

2. Master and servant ⬡388—Contributions of son to support of family held contributions to support of parent.

If parent claiming compensation as partial dependent has dependent family, whether members be of age or not, contributions by deceased workman to support of such family are contributions to support of parent, who has assumed and on whom rests burden of such support.

3. Master and servant ⬡388—Test of "partial dependency" stated; "support."

Test of partial dependency, under Workmen's Compensation Law, § 14, subsec. 3a, is, not whether members of classes named could support life without contributions of deceased, but whether they regularly received from his wages part of their "support," meaning income used as means of living.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Support.]

4. Master and servant ⬡388—Contribution to constitute support must be used as means of living for dependent.

Mere fact of contributions does not prove support, but contributions to constitute support must be used as means of living for dependent in manner in which he was accustomed to live.

Certiorari to Circuit Court, Jefferson County; Romaine Boyd, Judge.

Petition of the Sloss-Sheffield Steel & Iron Company to review the finding and judgment of the circuit court of Jefferson county in a proceeding under the Workmen's Compensation Act by T. P. Poe and Isabelle Poe, as dependents of William Poe, deceased, against the Sloss-Sheffield Steel & Iron Company. Writ denied and judgment affirmed.

Tillman, Bradley & Baldwin and W. W. Kennedy, all of Birmingham, for petitioner.

The mere fact that a parent receives contributions from a child is not sufficient to establish that such contributions were used for support, or that the parent was dependent upon the child. 1 Schneider, W. C. L. 943; In re Dimock's Estate (Sur. Ct.) 168 N. Y. S. 584; Kelley v. Hoefler Ice Cream Co., 196 App. Div. 800, 188 N. Y. S. 584; Maine Colliery Co. v. Davies, 69 L. J. Q. B. 755; Birmingham v. Westinghouse Co., 180 App. Div. 48, 167 N. Y. S. 520; Mulraney v. B. R. T. Co., 190 App. Div. 774, 180 N. Y. S. 654; Atwood v. C. L. & P. Co., 95 Conn. 669, 112 A. 269. Actual dependency does not exist, unless contributions are relied upon for maintenance. Crowder v. Woodward Ir. Co., ante, 111, 99 So. 649; Blanton v. Wheeler & Howes Co., 91 Conn. 226, 99 A. 496, Ann. Cas. 1918B, 747; McDonald v. Great A. & P. T. Co., 95 Conn. 160, 111 A. 65; Powers v. Hotel Bond Co., 89 Conn. 143, 93 A. 245; Benj. F. Shaw Co. v. Palmatory, 7 Boyce (Del.) 197, 105 A. 417; no dependency existed in favor of the parents. Moll v. City Bakery, 199 Mich. 670, 165 N. W. 649.

J. Reese Murray and James H. Willis, both of Birmingham, opposed.

Contributions to maintenance of the parents' family are contributions to the support of the parents. Contributions regularly

derived from the earnings of deceased constitute the sole test of dependency. Pushor v. Exp. Co., 149 Minn. 308, 183 N. W. 839; State v. Fleckenstein, 134 Minn. 324, 159 N. W. 755; Crowder v. Woodward Ir. Co., ante, 111, 99 So. 649; Reath v. State, 16 Ind. App. 146, 44 N. E. 808; Milwaukee Basket Co. v. Wiecki, 173 Wis. 391, 181 N. W. 308; In re Peters, 65 Ind. App. 174, 116 N. E. 848.

SAYRE, J. This is an appeal by certiorari (so the statute speaks of it) from the order of the circuit court of Jefferson in the matter of compensation awarded to plaintiffs in a proceeding under the Workmen's Compensation Law (Laws 1919, p. 206).

[1] There is no bill of exceptions, and the finding of the trial court as to the facts is conclusive as far as it goes in this court. The court found that "plaintiff's parents regularly derived part of their support from the earnings of deceased at the time of his death and for a reasonable time, to wit, one year prior thereto, and were partial dependents of deceased." And further that "the family support"—the family consisting of father and mother, plaintiffs, one adult daughter, and five minor children—"was derived solely from the earnings of the father, T. P. Poe, and of deceased, for more than a year prior to said death." Further, the court found that "the total reasonably necessary family expenses, exclusive of the $6 per week withdrawn by deceased as aforesaid"—that is, for his personal expenditure —"was $2,340 per year or $45 per week, of which amount deceased contributed $871 per year or $16.75 per week, and the father, T. P. Poe, who earned $2,000 per year, contributed the balance, amounting to $1,469 per year, or $28.25 per week. The expenses of the adult sister, Hazel, were approximately one-seventh of the total annual family expenses of $2,340." And it was ordered that plaintiffs receive compensation at the rate of $5 a week for 300 weeks from the date of the death of deceased, this being 50 per centum of his net weekly contribution to the support of the family.

Petitioner's contention for error, based upon the findings of the trial court, and assuming that the cost of decedent's board and lodging and the maintenance of the adult sister should be deducted from the ascertained total of the "reasonably necessary" family expenses, is that the earnings of the father were ample to support the family, nor does it appear that the contributions of deceased were in fact used for that purpose. The trial court allowed defendant's contention as to the board and lodging of deceased, and properly so, no doubt. Moll v. City Bakery, 199 Mich. 670, 165 N. W. 649.

[2] It appears from the court's finding of fact that the family support was derived solely from the earnings of the father and deceased, and that the adult sister of deceased was a member of the family, presumptively receiving her support from the fund so constituted. Sisters are catalogued in the statute as among the persons to whom compensation is to be awarded, but the award is to be to them only in the event there is no dependent widow, child, husband, or parent, so that, in the circumstances disclosed by the finding, no compensation can be awarded to the sister. However, our judgment is that, if a parent has a dependent family, whether the members be of age or not, contributions made by the deceased workman to support of such family should be considered as contributions to the support of the parent who has assumed, or upon whom rests, the burden of such support.

[3, 4] But, these conclusions conceded, it still appears that the earnings of the father were in excess of the amount that went from his earnings to the "reasonably necessary" support of the family, and the proper application of the statute remains to be determined. Subsection 3A of section 14 of the Workmen's Compensation Law (Gen. Acts 1919, p. 218) defines a partial dependent as any member of the class named in subsection 3, including mother and father, "who regularly derived part of his support from the earnings of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto." The test therefore of partial dependency is, not whether the members of the classes named could support life without the contributions of the deceased, but whether they regularly received from his wages part of their support (State ex rel. Fleckenstein Brewing Co. v. District Court, 134 Minn. 324, 159 N. W. 755), meaning, as we do not doubt, income used as a means of living. The mere fact of contributions does not prove support. "Payments made for other purposes than for support, such as payments to the dependent to be invested for the joint benefit of both, constitute no part of such dependency." 1 Honnold, p. 235. Contributions, to constitute support, must be used as a means of living for the dependent in the manner in which he was accustomed to live. Crowder v. Woodward Iron Co. (Ala. Sup.) 99 So. 649,[1] quoting with approval Pushor v. Am. Rwy. Ex. Co., 149 Minn. 308, 183 N. W. 839. The fact that the parent has other means or other sources of income, or an income in excess of the amount expended in his support, appears to be immaterial upon a fair interpretation of the statute. Nor do we see in the nature of things or the general purpose sought by statute any compelling reason why compensation in the measure provided by the statute should be limited by the necessary expenses of the family. It is enough to call for the compensation provided by the statute that there was in fact regular contribution to the

---

[1] 211 Ala. 111.

support of the dependent. The provision is for the continuation of this support to a limited extent, and the natural law of human conduct affords to employers ample protection against excessive demands within the terms of the statute.

Writ denied and judgment affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

