**TRADERS & GENERAL INS. CO. v. STANALAND et al.**

No. 6272.

Court of Civil Appeals of Texas. Texarkana.

April 12, 1947.

Rehearing Denied May 1, 1947.

Angus G. Wynne and Philip Brin, both of Longview, and Dan P. Johnston and Vernon Coe, both of Dallas, for appellant.

Fulmer & Fairchild, of Nacogdoches, for appellee.

WILLIAMS, Justice.

In this suit, a workman's compensation case, against Traders & General Insurance Company by Mrs. Lizzie Stanaland, the alleged dependent of Ed Miller, the deceased employee, joined by her husband, she was awarded a lump sum judgment with a certain amount of the recovery to be paid to an undertaker. This is the second appeal of this case; the former being reported by this court in Traders & General Ins. Co. v. Stanaland, 189 S.W.2d 55, and by the Supreme Court in 195 S.W. 2d 118. With the elimination in the present record of the objectional testimony discussed in the Supreme Court's opinion, and with the exception of the admissibility of certain evidence later herein discussed, the evidence is in all other material respects substantially the same as summarized by this court in the former opinion, 189 S.W.

2d 55. The issue with respect to dependency here as in the former trial is strenuously and vigorously contested, grounded on the meager evidence to support the jury's affirmative finding of dependency. The points here presented relate solely to this pivotal issue of "dependency."

Representations made by Ed Miller in October, 1943, prior to his accidental death in December, 1943, which had been entered upon a record kept by Robert Bass, his last employer, and signed by the deceased, reads: "Dependents, none; status, single." Deceased made similar statements to another employer of deceased during the summer of 1943. This data had been obtained to enable these employers to ascertain the amount to be withheld from his wages under the U. S. Income withholding tax regulation, and was so explained in the testimony. Bass was asked on cross-examination, "When Mr. Miller informed you for the purpose of the withholding tax that he had no dependents what did you understand dependents to mean?" Over objections of defendant, he was permitted to answer, "I know that the way that I interpreted—what I interpreted the word as meaning was that as far as his tax exemption was concerned he had no dependents, and in other words no one was dependent upon him." During the colloquy which followed between counsel, prior to permitting the witness to answer the question, the trial court remarked: "He asked the gentleman to define what dependency means, if he knows how to define dependency, he may do it; the last time the court tried to do it, the last time we tried the case, the appellate court said this court was wrong; so if the gentleman can do it, go on."

Appellant urged the exceptions that the question propounded to the witness and his answer called for and was an opinion which related to a material issue and invaded the province of the jury. In support of the motion to withdraw the announcement of ready for trial or to declare a mistrial, defendant urged that the remarks of the court made at the time under above circumstances in effect advised the jury that deceased didn't understand what the word dependent meant when he told the employers he had no dependents and that they could consider what Robert Bass understood the word "dependent" to mean and also what he thought deceased understood such word to mean; and thus the answer of Bass and the court's remarks helped plaintiff to eliminate from the consideration of the jury the import of deceased's representations that he had no dependents.

■ We agree with the contention of appellant that the answer of the witness Bass, wherein he was permitted to express his opinion of what he thought or what some one else may have thought at the time the word "dependent" meant, was an opinion which related to a crucial issue in the case and inadmissible. Texas Employers' Ins. Ass'n v. Sewell, Tex.Civ.App., 32 S.W.2d 262, 264; Texas Reciprocal Insurance Ass'n v. Stadler, 140 Tex. 96, 166 S.W.2d 121, 125; 32 C.J.S., Evidence, §§ 438, 446; Davis v. Peck, Wright, Peck Invest. Co., Tex.Civ.App., 94 S.W.2d 1245.

■ The representations the deceased made to the employers that he had no dependents, too, was an opinion, that of deceased. Whether or not deceased had any "dependents" under the rules and regulations of the Federal Income Tax laws or under the Workmen's Compensation Act is a question of law as applied to the facts of a case. The representations made by deceased was certainly a conclusion of law in a suit, as here, by an alleged dependent asserting a death claim under the Texas Workmen's Compensation Act. Such was inadmissible in evidence. Texas Employers' Ins. Ass'n v. Sewell, supra; Texas Reciprocal Insurance Ass'n v. Stadler, supra; 31 C.J.S., Evidence, § 272b, p. 1026; Traders & General Insurance Co. v. Baldwin, 125 Tex. 577, 84 S.W.2d 439, 441.

Although above representations of deceased had been introduced by appellant without objection by claimant, it is without probative force and could not afford any basis for a jury finding that claimant was not a dependent of Ed Miller at the time of his death. 17 Tex.Jur. p. 922, Sec. 211.

■ Hence, if the representations of deceased that he had no dependents could afford no basis for a negative finding on dependency, then such alleged impairment

or impeachment of such representations, even to the extent of its withdrawal from a consideration by the jury, would work no injury to appellant that would warrant a reversal of this cause. If the remarks of the court be subject to the criticism urged, which we need not determine, no error is shown for above reasons and in that the court in the charge gave a definition of "dependency" applicable to this character of a suit and specially instructed the jury that it was to be governed by such definition.

The trial court gave in his charge the following definition of "dependent" in connection with special issue No. 1:

"By the term 'dependent' as it is used in this charge is meant a person who, at the time of another's death, is looking to and relying upon such other person to provide him or her with a substantial part of the reasonable necessaries consistent with his or her position in life. Reasonable necessaries include something more than the bare necessities of life—they include also the ordinary comforts and conveniences appropriate to the recipient's station in life, such as were actually being enjoyed by him or her at the time. *Dependency may exist though the person may have subsisted without the contributions of the other person, or would not have been without the bare necessities of life.* But, to constitute one a dependent, the contributions, whether money or property or both, must have been reasonably substantial (as distinguished from trivial) considering the circumstances or the parties. *Though the receipt of mere occasional gifts will not suffice to establish dependency, it is not material that the gifts or contributions are made at irregular intervals or in differing amounts, provided they are made with such regularity as to warrant a reasonable expectation that they will be continued, and are received and relied upon to provide the recipient with a substantial part of the reasonable necessaries consistent with his or her position in life.*"

"Special Issue No. 1. Do you find from a preponderance of the evidence that Lizzie Stanaland was a dependent (as the term 'dependent' is hereinabove defined) of the deceased, Ed Miller, at the time of his death?"

Defendant timely moved that the third and last sentences in above definition (indicated in our italics) be stricken and urged in the exceptions that the two sentences were unnecessary for a definition of the term "dependent," being repetitions of and unduly emphasized the idea that dependency might exist though the claimant might have subsisted without the contributions of the other person or would not have been without the bare necessities of life; that the definition as given constituted an argument and comment on the weight of the evidence and presented only plaintiffs' theory of the case.

■ If it be assumed that the first sentence be sufficient to have properly submitted the elements of "dependency" as urged in defendant's exceptions to the charge, and that above two sentences were surplus, it does not appear that the definition when considered as a whole prejudiced the rights of defendant. If subject to the criticism of containing repetitions it is beneficial to the defendant in that it emphasizes that such gifts or contributions must be reasonably substantial as distinguished from trivial, taking into consideration such ordinary comforts and conveniences appropriate to the recipient's station in life so actually enjoyed at the time.

■ In submitting dependency, the court included in the definition such languages as obviated the necessity for explanatory instructions, one of the methods suggested in 195 S.W.2d 118, 122. The elements which the court set out in the definition of "dependency" finds support in Lumbermen's Reciprocal Association v. Warner, Tex. Com.App., 245 S.W. 664; Rodriguez v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 35 S.W.2d 510; Texas Employers' Ins. Ass'n v. Arnold, 127 Tex. 245, 92 S.W.2d 1019, 1021.

■ Over objections of defendant, evidence was admitted which related to the alleged needy and poor financial circumstances of the Stanaland family which allegedly existed 18 months prior to Ed Mil-

ler's death, and of the latter's services and contributions for and to the family in 1940; the objection being that the pleadings which alleged such facts and the evidence offered in support thereof were too remote, immaterial and prejudicial. We think this evidence was pertinent to the contested issue whether compensable dependency existed at the time of the employee's death, being circumstances which would shed light on the conditions that plaintiffs claimed existed at the time of death. Georgia Casualty Co. v. Campbell, Tex.Civ.App., 266 S.W. 854; Federal Underwriters Exchange v. Hinkle, Tex.Civ. App., 187 S.W.2d 122. The holdings in Missouri, K. & T. Railway Co. v. Hannig 91 Tex. 347, 43 S.W. 508, 509 and Northern Texas Traction Co. v. Jenkins, Tex.Civ. App., 266 S.W. 175, 177, cited by appellant, are not applicable here, for needy circumstances or poverty is an essential element in determination of dependency in the character of litigation here involved.

The other points presented, all of which relate to the admissibility of certain evidence with respect to the alleged affection of deceased for claimant, and why the latter wrote the letter asking for some old clothes have been considered and are respectfully overruled.

The judgment will be affirmed.