166 So.2d 104

Walter S. THOMAS

v.

GULF STATES PAPER CORPORATION et al.

6 Div. 984.

Supreme Court of Alabama.

June 18, 1964.

Turner & Turner, Tuscaloosa, for appellant.

Bruce McEachin, Jones, McEachin & Ormond, Tuscaloosa, for appellees.

HARWOOD, Justice.

This is a petition for certiorari to review a judgment of the Hon. Reuben H. Wright, Judge of the Circuit Court of Tuscaloosa County, denying the plaintiff permanent and total disability benefits under the Workmen's Compensation Act of Alabama.

The plaintiff had been employed by the defendant Gulf States Paper Corporation for approximately ten years. His duties consisted of cutting brush, and chaining for a land surveying crew. On July 17, 1961, the "carry-all" motor vehicle used to transport the surveying crew and equipment stalled in the mud and the plaintiff helped push it out. The plaintiff testified that his back began to hurt a little soon after, but that he really didn't think too much about it until that night. On the morning after the plaintiff claimed he was injured, the plaintiff informed his immediate supervisor, Robert Allen, that his back and hip were hurting, but said nothing as to cause of his discomfort. In fact, the plaintiff testified that he really never did tell any of his superiors, or supervisors, that his injury was a result of pushing the "carry-all" vehicle.

As it became evident that the plaintiff was experiencing some difficulty in getting about, Allen took the plaintiff to a physician, who diagnosed his injury as a lumbo-sacral sprain or strain. From that date until August 2, 1961, the plaintiff remained off work. On August 2, 1961, he returned to work and worked until September 21, 1961, when, as the plaintiff testified, he first noticed his back trouble in particular. At this time the plaintiff was placed on sick leave and drew wages until November 15, 1961, when his employment was terminated.

During the proceedings in the lower court, the only two physicians who had treated the plaintiff for his back trouble testified that the plaintiff's injury could well have been sustained by causes other than pushing the defendant's "carry-all" on July 17, 1961.

The trial judge, after consideration of the evidence and arguments submitted, made the following findings of fact:

"(1) That the plaintiff did not give written notice of his injury, if any, at any time prior to the filing of this suit to either defendant and neither defendant had actual knowledge that the plaintiff had been injured while engaged within the line and scope of his employment by either defendant.

"(2) * * * that the plaintiff's back condition could have pre-existed the occurrence of July 17, 1961, when plaintiff claims to have assisted in pushing the vehicle, or could have resulted from an injury or condition not connected with the plaintiff's employment by either of the defendants, the medical testimony and plaintiff's own testimony being speculative as to the cause of plaintiff's back condition and as to the cause of all other injuries and disability, if any, claimed by the plaintiff."

■ The rule has long been settled that on certiorari to review judgments in compensation cases, this court does not look to the weight of the evidence as to facts found by the trier of fact, and will only determine if there is any evidence, or reasonable inference therefrom, to support the finding, and this rule applies whether the award or compensation is granted or denied. Queen City Furniture Company v. Hinds, 274 Ala. 584, 150 So.2d 756; Simmons v. F. W. Dodge Corporation, 270 Ala. 616, 120 So.2d 921; United States Steel Corporation v. Martin, 267 Ala. 634, 104 So.2d 475.

■ After examination of the record, it is our conclusion that there is evidence, or reasonable inference therefrom, supporting the findings of fact by the court below. The judgment is therefore due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.