237 So.2d 862

**James Lee HAYLES et al.**

**v.**

**RAY E. LOPER LUMBER COMPANY, Inc., a Corporation.**

**I Div. 5.**

Court of Civil Appeals of Alabama.

Feb. 4, 1970.

Rehearing Denied March 4, 1970.

Wilters & Brantley. Bay Minette, for appellants.

J. B. Blackburn, Bay Minette, for appellee.

BRADLEY, Judge.

The plaintiffs in the court below, petitioners here, filed a complaint seeking benefits under Alabama's Workmen's Compensation Act. The defendant demurred to the complaint, plaintiffs amended their complaint, and defendant answered the amended complaint.

Trial was had before the court, sitting without a jury. There were findings of fact made by the court and a final judgment entered thereon holding that the plaintiffs were not dependent on James Andrew Hayles on the date of his death.

The plaintiffs thereupon petitioned the Supreme Court to review this judgment by Writ of Certiorari.

The case was subsequently transferred to this court.

There were six assignments of error, but only one argued in brief; therefore the unargued assignments are waived. Rule 9, Rules of the Supreme Court.

The petitioners here contend that the findings of fact made by the trial court were not supported by the evidence.

It is undisputed that at the time of his death, James Andrew Hayles was employed by the defendant, Ray E. Loper Lumber Co., Inc. of Bay Minette, Alabama, earning an average of $56 per week. That the said James Andrew Hayles' death was the result of injuries received while working within the line and scope of his employment with the defendant. That both deceased and defendant were subject to the Alabama Workmen's Compensation Act. And that defendant had notice of the accident.

The evidence also showed without dispute that on the date of deceased's death, there were six brothers and sisters living at home with his mother and father. That all but one were in school. That his father was employed by defendant at an average weekly wage of $85.00. That his mother had suffered from cancer, been under a doctor's care for many months, and incurred large doctor and hospital bills, which were unpaid. That his brothers and sisters were younger than he was. That he had been working since he was sixteen and was

twenty at the time of his death. That at the time he started to work there were eight brothers and sisters. That he started to work to help support the family. That he had purchased a washing machine and deep freeze for his mother and was paying for them himself, and that the deceased son often paid the premiums on the insurance policies held by the family.

There was evidence from the mother, two sisters and a brother that the deceased gave his mother all of his paycheck each week except $10–$15 which he would keep out for himself. The father testified that the deceased gave his mother all but a few dollars of his weekly salary, but he could not say how much was given. He also stated that it took all he and the deceased made to make ends meet.

A witness for the defendant testified that the mother and father told him shortly after their son's death that they were not dependent upon the deceased for support. This was denied by the mother and father.

A letter from an attorney allegedly representing the plaintiffs was introduced into evidence on behalf of the defendant, saying that the deceased had been contributing $30 weekly to the support of his family.

There was also introduced on behalf of defendant, an income tax withholding certificate signed by the father claiming nine exemptions and one signed by the deceased claiming one exemption—himself.

In its findings of fact, the trial court found, among other facts, that the plaintiffs were not dependent on deceased for partial support because the father had claimed nine exemptions on his income tax withholding certificate and the deceased had claimed one exemption, himself.

The issue before this court is whether or not the plaintiffs—father, mother, brothers and sisters—were partially dependent on the deceased for their support at the time of his death and for a reasonable period prior thereto.

The plaintiffs, in their complaint, claimed that they were partially dependent upon deceased at his death for their support.

Title 26, Section 282, Code of Alabama 1940, as Recompiled 1958, as amended, provides as follows:

"Any member of a class named in the preceding section who regularly derived part of his support from the earnings of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his partial dependents and payment of compensation shall be made to such partial dependents in the order named."

The Supreme Court of Alabama in the case of Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270, had the following to say:

"This court has often pointed out that the Workmen's Compensation Act, being remedial in nature, should be given a liberal construction to accomplish its beneficent purposes. Sloss-Sheffield Steel & Iron Co. v. Nations, 236 Ala. 571, 183 So. 871, 119 A.L.R. 1403; Swift & Co. v. Rolling, 252 Ala. 536, 42 So.2d 6; Ex parte Terry, 211 Ala. 418, 100 So. 768. And we have further held that the act must be liberally construed and all reasonable doubt resolved in favor of the employee. National Cast Iron Pipe Co. v. Higginbotham, 216 Ala. 129, 112 So. 734; Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626. * * *"

█ It would appear therefore that in ascertaining whether the plaintiffs were partially dependent on the deceased son and brother, as provided in Section 282, supra, the trier of fact should give a liberal interpretation to the terms of said statute and resolve all reasonable doubts in favor of the deceased employee.

In Ex parte Sloss-Sheffield Steel & Iron Co., 212 Ala. 3, 101 So. 608, the Supreme Court of Alabama said:

"The test therefore of partial dependency is, not whether the members of the

classes named could support life without the contributions of the deceased, but whether they regularly received from his wages part of their support * * *, meaning, as we do not doubt, income used as a means of living."

The evidence introduced in the trial of the case at bar clearly showed that the deceased contributed most of his earnings to the support of his mother, father, brothers and sisters. It also appeared from the evidence without dispute that he oftentimes paid the premiums on the insurance covering the family, and that he had bought a washing machine and deep freeze for the family's use.

There was also considerable testimony that if it had not been for the deceased's support, the family could not have paid its bills.

The Supreme Court of North Dakota, in Weisgerber v. Workmen's Compensation Bureau, 70 N.D. 165, 292 N.W. 627, 128 A.L.R. 1482, held that the parents, brothers and sisters of a deceased son-brother were partially dependent upon him at his death within the provisions of the North Dakota Workmen's Compensation law, and based its decision mainly on the following facts ascertained at the trial:

" * * * The deceased son was twenty-nine years of age at the time of his death. He was unmarried. He had been working approximately two years at the plant where he was killed, for a wage of about $80 per month. He gave most of his earnings to the family for their support, after keeping about $10 per month for spending money, and paying $30 per month to his mother for room and board. * * * It appears, however, that the son spent very little of his wages on himself, and that the greater portion of his wages went to the support of the Weisgerber family and was used for that purpose along with the money earned by the father.

"The Weisgerbers lived in their own home. It was mortgaged. The loan was payable monthly. The deceased son paid the monthly installment of $10.40. He also provided money to buy a gas stove and kept up the payments on it. The gas bill and the payments on the stove amounted to about $4 per month. He also bought clothes for various members of the family, including the plaintiff. The deceased son and the father constituted the only wage earners in the family. The family living expenses amounted to $107 per month.

"Dependency is, in most instances, a question of fact. Naturally, the facts in the various cases differ, with the result that each case must be, to a large extent, determined by its own facts. However, the courts have generally adopted a liberal construction in determining questions of dependency under Workmen's Compensation statutes. * * * In determining questions of dependency arising under Workmen's Compensation acts and applying a liberal construction thereto, it is generally held that the phrase under consideration does not mean absolute dependency for mere necessities of life. The family circumstances and customary mode of living are taken into consideration and it is generally sufficient if it appears that contributions of the deceased employee were looked to for support in the maintenance of the dependent's accustomed mode of living. * * *"

Applying the test laid down in the case of Ex parte Sloss-Sheffield Steel & Iron Co., supra, to the evidence presented to the trial court in the case at bar, and then analogizing it to the factual situation presented by the *Weisgerber case*, supra, it appears to this court that the evidence overwhelmingly supported the allegation of the complaint that the plaintiffs were partial dependents of the deceased son at the time of his death.

However, the trial court, in its findings of fact, found that the plaintiffs were not partially dependent upon the deceased son-

brother at the time of his death and for a reasonable time prior thereto, because the father and son had filed with their employer, the defendant, income tax withholding exemption certificates claiming nine and one dependents, respectively. These two pieces of evidence were the sole basis for the conclusion that the plaintiffs were not partially dependent upon the deceased son-brother.

As stated in Thomas v. Gulf States Paper Corp., 276 Ala. 660, 166 So.2d 104:

"The rule has long been settled that on certiorari to review judgments in compensation cases, this court does not look to the weight of the evidence as to facts found by the trier of fact, and will only determine if there is any evidence, or reasonable inference therefrom, to support the finding, and this rule applies whether the award or compensation is granted or denied. Queen City Furniture Company v. Hinds, 274 Ala. 584, 150 So.2d 756; Simmons v. F. W. Dodge Corporation, 270 Ala. 616, 120 So.2d 921; United States Steel Corporation v. Martin, 267 Ala. 634, 104 So.2d 475."

The question naturally arises as to whether the two withholding exemption certificates relied on by the trial court constitute evidence to justify the finding of fact of non-dependency within the meaning of the Alabama Workmen's Compensation Act.

In the case of Johnson v. Cole and New Amsterdam Casualty Co:, 245 Md. 515, 226 A.2d 268, the Supreme Court of Maryland, in a Workmen's Compensation case, wherein it was trying to determine if minor children were partially dependent on their father at the time of his death, had the following to say:

"While appellants made no proffer of proof, we presume they intended to show that Mr. Johnson claimed the infant appellants as dependents for income tax purposes. In our opinion, the number of dependents claimed by Mr. Johnson on the business records of his employer was neither relevant nor material to the issues presented by this case. The question of dependency, under the workmen's compensation law, turns on the presence of actual support and essentially whether, as here, the infant appellants have in fact subsisted entirely upon the earnings of the deceased workman. Even if the evidence sought to be introduced was admissible under any theory of law, we do not believe its exclusion could possibly have been prejudicial to appellants since there was no dispute as to the amount of Mr. Johnson's weekly wage and contribution for the support of the infant appellants; and, further, such evidence would not have revealed the names of Johnson's dependents, but only the number claimed by him. We, therefore, perceive no error in the exclusion of this evidence."

Also see Traders & General Ins. Co. v. Stanaland et al., Tex.Civ.App., 202 S.W.2d 702.

■ It is our opinion that the income tax withholding exemption certificates relied on by defendant to show non-dependency and accepted by the trial court for that purpose, as stated in Johnson v. Cole, supra, were neither "relevant nor material to the issues" presented in the case at bar, nor did they have any "probative value," as stated in Traders & General Ins. Co. v. Stanaland, supra, on the issues raised in the case at bar.

The question of partial dependency is determined by the actual support rendered to a family on a fairly consistent basis so that they not only can enjoy the necessities of life, but reasonably maintain their standard of living.

The withholding exemption certificates had the one purpose of assuring the government that the correct amount was being withheld from deceased's wages for income tax purposes.

We do not perceive any evidentiary value these certificates could have on the question of partial dependency of plaintiffs on their deceased son-brother for support.

Therefore, it is the opinion of this court that the finding of fact by the trial court that the plaintiffs were not partially dependent upon the deceased son-brother because the income tax withholding exemption certificates revealed that deceased claimed only one exemption for income tax purposes, was insufficient to support a judgment for the defendant.

Consequently, this case is reversed and remanded.

Reversed and remanded.