BRADLEY, Judge.
This is a workmen’s compensation case.
Albert Abercrombie was employed by Hunter’s R & O Cafe, Inc. and also served as president of the corporation. On January 20, 1978 Abercrombie was working at the cash register when the events which led to this appeal occurred.
The evidence indicated that January 20 was a very cold day and that ice and snow had accumulated on the street and sidewalk in front of the cafe. One of the cafe’s regular customers, while paying his bill, told Abercrombie that he might need some help backing his car away from the curb. Abercrombie told the customer that he would watch the customer through the window.
The customer proceeded to his car which was parked in an angled parking space right in front of the cafe. The customer could not get enough traction on the ice to back his car out on the street. Abercrom-bie, upon seeing the customer’s inability to back up, left the cash register and went out onto the sidewalk to help the customer.
Upon reaching the sidewalk, Abercrombie took hold of the parking meter in front of the customer’s car with one hand and began pushing the car with his other hand. When the car began moving backwards, Aber-crombie slipped and fell. As a result of this fall, Abercrombie broke his leg near the hip. He spent almost a year in the hospital and due to complications has a permanent partial disability.
On December 12, 1978 Abercrombie filed a petition for workmen’s compensation. The case was tried on June 22, 1981. On October 15, 1981 the trial court entered its judgment. The trial court found that this accident did not arise out of and in the course of Abercrombie’s employment. As a result Abercrombie has filed a timely appeal to this court.
Abercrombie has raised two issues on appeal. The first issue is whether the trial court’s decree is sufficient to support the judgment. The second issue is whether the trial court correctly found that this accident did not arise out of and in the course of employment.
Abercrombie argues that in this case the trial court’s judgment did not contain a sufficient statement of the law and facts as required by § 25-5-58, Code 1975. We have stated on several occasions that the trial court has a duty to make sufficiently detailed findings of fact so that the appellate court can determine whether the facts support the judgment. However, we have also stated that substantial compliance with this requirement is sufficient. Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala.1980). In the present case we find that the trial court substantially complied with § 25-5-88 and, hence, no reversible error.
As his second issue Abercrombie contends that the trial court erred in finding as a fact that his accident did not arise out of and in the course of his employment. We also disagree with this contention.
At the outset we note that our scope of review in workmen’s compensation cases is limited to questions of law and an examination of the evidence to determine whether there is any legal evidence to support the trial court’s findings. Weatherly v. Republic Steel Corp., 391 So.2d 662 (Ala.Civ.App.1980). If there is any legal evidence, or reasonable inferences to be gleaned therefrom, to support the trial court’s findings of fact, its judgment must be upheld. Thomas v. Gulf States Paper Corp., 276 Ala. 660, 166 So.2d 104 (1964).
Abercrombie argues that in this case his actions in aiding a regular customer of the cafe were in the furtherance of his employer’s business, i.e. promoting good customer relations. As a result he argues that his actions in aiding the customer arose out of and in the course of his employer’s business. The cafe, on the other hand, argues Aber-crombie voluntarily undertook to assist the customer and that such act was beyond the *126 scope of his employment. The trial court found as a fact that Abercrombie voluntarily assisted the customer.
In Ex parte Terry, 211 Ala. 418, 100 So. 768 (1924), it was stated that an injury may arise out of employment even though the employer’s action was not strictly within the line of duty, and the injury was not an anticipated risk of service if employee’s action reasonably related to the service he was employed to render and was done in good faith in furtherance of employer’s business. Also, where there is a benefit accruing to the employer, compensation may be awarded. Lauderdale County Cooperative, Inc. v. Shook, 376 So.2d 199 (Ala.Civ.App.), cert. denied, 376 So.2d 202 (Ala.1979).
Other jurisdictions also allow recovery in situations where some benefit is conferred on the employer by the employee’s acts. See Gagne v. Oreck, 266 Minn. 1, 122 N.W.2d 589 (1963). See Lewis v. Kentucky Central Life Insurance Co., 20 N.C.App. 247, 201 S.E.2d 228 (1973).
In the case at bar, however, the trial court found as a fact that Abercrombie’s act of assistance to his customer was a voluntary one and thus outside the scope of his employment. There is evidence or inferences therefrom upon which the court could reasonably conclude that Abercrombie was acting merely as a Good Samaritan on the occasion in question rather than acting in the line and scope of his authority.
The evidence shows that a customer, upon leaving the cafe, remarked that he might need some help in backing his vehicle out into the street. Abercrombie observed the customer’s car’s back wheels spinning and the car not moving from its parking space. Without further request from the customer, Abercrombie and two other customers went outside and pushed the vehicle into the street. Abercrombie was injured while pushing the vehicle.
The trial court could reasonably conclude from this evidence that Abercrombie was acting voluntarily as a good citizen rather than attempting to generate goodwill for the cafe. Consequently, its finding that Abercrombie was acting voluntarily and outside the scope of his employment must be upheld.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.