BRADLEY, Judge.
This is a workmen’s compensation case.
On June 9, 1981 Alexander David Jones was killed in a work-related accident while he was working for Griffin Wood Company, Inc. He had been working for Griffin Wood Company for six weeks and was earning an average weekly wage of $147.
At the time of his death, employee was twenty years old and single. He lived with his parents, Alexander and Mary Jones. Alexander David Jones had worked at several jobs since graduating from high school in May 1980.
On September 11, 1981 employee’s parents filed a complaint in the Hale County Circuit Court seeking workmen’s compensation death benefits. They claimed benefits as dependents of the deceased employee. The defendant, Griffin Wood Company, in its answer, denied that plaintiffs were dependents within the meaning of the Workmen’s Compensation Act.
On May 10, 1982 a trial of this case was held. Depositions' of both plaintiffs were admitted into evidence and the deceased employee’s father testified at the trial.
Alexander Jones, Sr. stated at the trial that his son gave him at least half of every paycheck he received, including the jobs he held while in high school. This testimony contradicted the testimony Alexander Jones, Sr. had given in his deposition. In this prior testimony, he stated that his son did not give him any of the money the son made while in high school.
Alexander Jones, Sr. had no record of the amount of money his son had given him. Neither plaintiff knew the amount of money that they spent for their support.
The trial court entered a final decree finding the plaintiffs to be partial dependents of the employee. The court found plaintiffs entitled to a partial dependency of forty-eight percent.
From the judgment employer appeals and raises two issues. In considering these issues, we are guided by two principles of review for workmen’s compensation cases. First, this court, in reviewing workmen’s compensation judgments, will not weigh the evidence as to any facts found by the lower court. We are limited to a determination of whether there is any legal evidence to support the trial court’s findings. *488 Davis-Day Timber Company v. Gentry, 54 Ala.App. 385, 309 So.2d 97 (Ala.Civ.App.1975). Secondly, the Workmen’s Compensation Act is to be- liberally construed and all reasonable doubt resolved in the employee’s favor. Mobile Liners r. McConnell, 220 Ala. 562, 126 So. 626 (1930).
Employer’s first contention is that there is no evidence that plaintiffs “regularly” received support from their deceased son and, therefore, the trial court erred as a matter of law in finding them to be partial dependents.
Section 25-5-64, Code 1975, defines a partial dependent as one “who regularly derived part of his support from the earnings of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto.” The receipt of contributions does not necessarily prove support. Such contributions must be used by the recipient to maintain himself in a manner to which he had become accustomed. Ex parte Sloss-Sheffieid Steel & Iron Co., 212 Ala. 3, 101 So. 608 (1924); American Tennis Courts, Inc. v. Hinton, 378 So.2d 235 (Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala.1979). Employer argues that the plaintiffs failed to prove that they “regularly” received support from the deceased employee.
Since the decedent’s employment history is comprised of several jobs held for short periods of time, employer contends that employee did not have regular employment during the year preceding his death. The contributions were, therefore, not regular. Employer also points out that plaintiffs had no knowledge of the amount they received from their son and no idea as to the time period he stayed on each job.
Evidence was presented at trial showing that the employee made contributions for his parents’ support out of each paycheck he received. The father testified that when Alexander David Jones was between jobs, he would cut wood for his neighbors and give his parents part of the money he received for doing this neighborhood work. It also appears from the record that employee was not without some type of work for any significant period of time. Moreover, there is testimony that the deceased son contributed at least one-half of his earnings to the support of his parents, and, since the son’s death, the parents have been forced to borrow money to pay their monthly bills. Consequently, we find that the evidence supports the trial court’s conclusion that employee regularly made contributions for his parents’ support and that they were partial dependents of their deceased son.
Employer’s final contention is that the trial court erred in finding plaintiffs entitled to a forty-eight percent partial dependency rate.
Section 25 — 5—60(l)(d), Code 1975, provides as follows:
“Partial dependents shall be entitled to receive only that proportion of the benefits provided for total dependents which the average amount of the earnings regularly contributed by the deceased employee to such partial dependent, at and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time.” (Emphasis added.)
Simply stated, this statute provides that a partial dependent is to receive benefits in the same proportion that the employee’s contributions bear to the dependent’s income for the same time period. Once this proportion is established, it is then applied to the amount a total dependent would receive. See § 25-5-60(l)(b), Code 1975.
Defendant contends that the evidence fails to support a dependency award of forty-eight percent. Employer argues that there is record evidence of the earnings of the deceased son from only two jobs held by him in the year prior to his death. There were other jobs held by the deceased son but no evidence as to the amount earned. The amount of earnings from these two jobs is $1,494. These earnings accrued within five and one-half months of the son’s death.
Employer says that if employee had contributed one-half of this amount to his par *489 ents’ support, his total contributions would be $747. Employer then suggests that this amount be compared to the father’s 1981 earnings of $10,000 to arrive at a dependency rate of 7.5 percent, which is a far cry from the 48 percent formulated by the trial court.
In the formulation suggested by the employer, a five and one-half month period of contributions by the deceased son is compared with the earnings of the father for the full calendar year of 1981. This is a misapplication of the law.
A more appropriate formulation as far as the employer is concerned would have been a comparison between the son’s contributions for the five and one-half months prior to his death with the father’s income for that same time period. It appears, however, that the trial court in arriving at the 48 percent dependency rate considered the contributions of the deceased son for the six weeks that he worked for Griffin Wood Company and the earnings of the father for that same six weeks period.
As stated in section 25-5-60(l)(d), Code 1975, the dependents are entitled to the proportion of contributions made at the time of deceased’s death and for a reasonable time prior thereto. The trial court, obviously, found the six weeks employee worked for defendant and made contributions to be a reasonable time. During this period, employee gave his father $75 to $100 of each weekly paycheck. The father earned $150 to $200 per week in this same time period.
“What constitutes a reasonable time is a conclusion of fact.” American Tennis Courts, Inc. v. Hinton, supra. If the employee was contributing to the support of his parents at the time of his death and for such time prior thereto as to raise a reasonable inference that he would continue, this is a reasonable time. American Tennis Courts, Inc. v. Hinton, supra. See also Ex parte Woodward Iron Co., 211 Ala. 111, 99 So. 649 (1924).
The record contains evidence that the son made contributions from all the jobs he held. This raises the inference that he would continue to make contributions to his parents. Since this court will not disturb the trial court’s finding if there is any evidence to support its conclusions, its judgment is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.