RUSSELL, Judge.
This is a workmen’s compensation case.
On July 3, 1985, Eric Wilson was killed in a work-related accident while employed by the Mobile Water and Sewer Board (Water Board). He had begun working for the Water Board on June 8, 1985, and was earning an average weekly wage of $183.69.
At the time of his death, the employee was eighteen years old and was living with his parents, Mose and Eva Wilson, and their three other minor children. On November 11, 1987, the employee’s parents filed a complaint on behalf of themselves and their surviving children, alleging entitlement to workmen’s compensation benefits as partial dependents of the deceased employee.
After an ore terms proceeding, the trial court concluded that the parents and siblings of the deceased employee qualified as partial dependents and awarded them compensation in the amount of $31,250.
The employer appeals. We affirm.
The employer raises three issues. In addressing these issues, we first note that the standard of review in workmen’s compensation cases is limited to a determination of whether there is any evidence to support the trial court’s findings of fact. Southern Prestressed Concrete, Inc. v. Thomas, 485 So.2d 772 (Ala.Civ.App.1986). If there is any legal evidence to support the court’s findings, we must affirm. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ.App.1986). Secondly, the Workmen’s Compensation Act is to be liberally construed and all reasonable doubt resolved in the employee’s favor. Mobile Liners, Inc. v. McConnell, 220 Ala. 562, 126 So. 626 (1930). Additionally, the judgment of a trial court following an ore tenus proceeding is presumed correct and will not be set aside *1083 unless it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
The employer first contends that there is no evidence to support the trial court’s determination that the plaintiffs qualified as partial dependents. Section 25-5-64 of the Code of Alabama 1975 defines a partial dependent as one “who regularly derived part of his support from the earnings of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto.” Furthermore, such contributions must actually be used by the recipient to maintain himself in a manner to which he has become accustomed. Ex parte Sloss-Sheffield Steel & Iron Co., 212 Ala. 3, 101 So. 608 (1924); American Tennis Courts, Inc. v. Hinton, 378 So.2d 235 (Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala.1979). The employer contends that the plaintiffs failed to prove that they “regularly derived” support and that any contributions made by the employee were not “for a reasonable period of time immediately prior” to his death so as to demonstrate an intent on the part of the employee to have continued such support had he survived. We disagree.
The employer also contends that since the employee received only one paycheck prior to his death, any contributions to members of his family were not “regularly received.” Evidence presented at trial, however, supported the trial court’s conclusion that the employee regularly made contributions for his family’s support. Both parents testified that prior to his employment with the Water Board, the employee had income from various other jobs, out of which he regularly made contributions to the family’s support. Furthermore, the employee’s mother and sister testified as to the amounts of such contributions. There was also testimony that the employee purchased a refrigerator, washing machine, and VCR for the family’s use. Consequently, we find that the evidence supports the trial court’s conclusion that the parents and siblings of the employee are partial dependents under the Workmen’s Compensation Act. Ala.Code 1975, § 25-5-64 (1986 Repl.Vol.).
The employer next contends that the trial court erred in computing the amount to be awarded to the employee’s family as partial dependents. Section 25-5-60(1)d., Ala.Code 1975 provides:
“Partial dependents shall be entitled to receive only that proportion of the benefits provided for total dependents which the average amount of the earnings regularly contributed by the deceased employee to such partial dependent, at and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time.”
Section 25-5-60(2), however, provides that the proportional compensation referred to above is subject to the maximum and minimum weekly compensation amounts specified in § 25-5-68(b). It states:
“The compensation payable to partial dependents shall be subject to a maximum and minimum weekly compensation as stated in section 25-5-68, but if the income loss of said partial dependents by such death is less than the minimum weekly compensation stated in section 25-5-68, then the dependents shall receive the full amount of their income loss. This compensation shall be paid during dependency, not exceeding 500 weeks.”
Ala.Code 1975, § 25-5-60(2) (emphasis supplied). Section 25-5-68(b) provides:
“With respect to injury or death resulting from an accident occurring on or after February 1, 1985, the compensation paid under this article shall be not less than, except as otherwise provided in this article, 27⅛⅛ percent of the average weekly wage of the state as determined by the director of industrial relations (rounded to the nearest dollar).... ”
In 1985 the state’s average weekly wage was $291.00. Applying § 25-5-68(b), the trial court computed that 2fk% of $291.00 equals $80.00. The court found that this figure represented the minimum weekly compensation to be paid to partial dependents in 1985. The trial court further computed that the weekly contribution of the employee (dependent’s income loss) to his family’s support was $62.50. Because this *1084 figure is less than the minimum compensation of $80.00, § 25-5-60(2) provides that the employee’s family be compensated for the full amount of their income loss. Thus, the trial court properly ordered that compensation in the amount of $62.50 be paid weekly to these dependents.
Finally, the employer contends that the trial court’s findings of fact and conclusions of law fail to comply with § 25-5-88, Ala.Code 1975. Section 25-5-88 requires that the judgment entered by the trial court in a workmen’s compensation case “shall contain a statement of the law and facts and conclusions as determined by said judge.” This court, however, has repeatedly held that substantial compliance is sufficient to satisfy the requirement of this section. Wilson v. William Wilson Co., 537 So.2d 930 (Ala.Civ.App.1988); Bradley v. Nelson, 507 So.2d 958 (Ala.Civ.App.1987).
Without setting forth the text of the instant decree, we find that the trial court’s onder substantially complies with § 25-5-88. The order states that both parties stipulated that the employee died while working in the line and scope of his employment. It further states that the plaintiffs were partial dependents of the employee and sets forth the applicable sections of the Workmen’s Compensation Act upon which the trial judge based his ruling. Furthermore, the order includes a detailed formula by which the amount of compensation to be awarded was computed. However, even if the trial court’s findings had been meager and omissive, this court may refer to the record itself to determine whether the judgment should be upheld. Monroe v. West Point Pepperell, 545 So.2d 785 (Ala.Civ.App.1989).
In view of the above, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.