L. CHARLES WRIGHT, Retired Appellate Judge.
Frank and Alice Hopper’s son, David Frank Hopper, was killed in a work-related accident while employed by Hale Construction Company. The Hoppers filed suit in the Circuit Court of Jefferson County seeking benefits as partial dependents under Alabama’s Workmen’s Compensation Act. The trial court denied their request. The Hoppers appeal.
The Hoppers assert that the trial court erred in failing to find them to be partial dependents within the contemplation of the Workmen’s Compensation Act.
Section 25-5-64, Code 1975, defines a partial dependent as “[a]ny member of a class named in section 25-5-62 who regularly derived part of his support from the earnings of the deceased workman at the time of his death and for a reasonable period of time immediately prior there- *1161 to_” Section 25-5-62 provides for the inclusion of “mother” and “father” within the named class.
The case law in this state has consistently limited the determination of partial dependency to fact situations wherein the deceased contributed financial assistance to the dependent. Ex parte Sloss-Sheffield Steel & Iron Co., 212 Ala. 3, 101 So. 608 (1924); Mobile Water & Sewer Bd. v. Wilson, 555 So.2d 1081 (Ala.Civ.App.1989); Griffin Wood Co. v. Jones, 425 So.2d 486 (Ala.Civ.App.1983); Hayles v. Ray E. Loper Lumber Co, 46 Ala.App. 58, 237 So.2d 862 (Ala.Civ.App.1970). Other jurisdictions have adopted a more liberal view. They have held that services performed as well as actual cash contributions should be considered in determining dependency. Travelers Ins. Co. v. Tucker, 116 Ga.App. 414, 157 S.E.2d 802 (1967); Florentine v. R.A. McDonough & Co., 158 N.J.Super. 16, 385 A.2d 312 (1978); Wingert & Brechbill v. Workmen’s Compensation Appeal Board, 44 Pa.Commw. 55, 402 A.2d 1157 (1979). The ultimate test in either situation is whether the contributions have been used by the recipient to maintain himself in a manner to which he has become accustomed. Griffin Wood Co.; Florentine; 2A A. Larson, The Law of Workmen’s Compensation § 63.12(a) (1981).
The record reflects that at the time of his death David Hopper was twenty-seven years old. He was divorced and living with his parents on the family farm. He had no children.
The Hoppers testified that David did a substantial amount of work around the farm. They testified that he did most of the maintenance work around the chicken houses and that he did carpentry and plumbing and laid some concrete sidewalks. Mrs. Hopper testified that David had been doing farming chores since he was a child and that he did them out of his love for farming. There was evidence that David used his own money to repair farm equipment. The Hoppers did not compensate him for any of these services. Neither did they charge him room and board. Mr. Hopper testified that since David’s death they have had to hire people to do the things that David used to do.
The Hoppers testified that David did not make any monetary contributions to them or to the farm. Mr. Hopper makes approximately $30,000 a year working for Alabama Power Company. He testified that they live off these earnings and the earnings generated from the chicken farm.
In its order which found the Hoppers not to be dependent, the trial court stated the following:
“Although it is clear from trial that a great deal of love flowed between these parents and their son, the evidence in a legal sense is such that the parents were wholly independent and self-supporting as was the son. David helped his parents around the house and farm, his parents fed and housed him — in short, they did for each other what families do. Neither made or collected any money or support in a legal sense from the other.”
We do not disagree with the conclusion of the trial court. Even if we were to accept the view from other jurisdictions that services performed may be considered in determining dependency, the facts in this case do not pass the ultimate test. That is, the Hoppers did not rely upon David’s assistance to maintain their accustomed mode of living. David’s assistance, though commendable, fails to establish dependency within the meaning of § 25-5-64. The purpose of the statute is to provide compensation for the financial loss suffered by dependents because of the death of the decedent.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.