WILLIAM RALPH LEWIS, EMPLOYEE-PLAINTIFF v. KENTUCKY CENTRAL LIFE INSURANCE COMPANY, EMPLOYER-DEFENDANT

— AND —

THE HOME INDEMNITY COMPANY, CARRIER-DEFENDANT

No. 7314IC471

(Filed 19 December 1973)

1. Master and Servant § 96— workmen's compensation claim — Industrial Commission findings — conclusiveness on appeal

Specific findings of fact of the Industrial Commission which are supported by competent evidence are conclusive and binding on appeal. G.S. 97-86.

2. Master and Servant § 55— workmen's compensation claim — activity for benefit of employer

Basically, whether a plaintiff's workmen's compensation claim is compensable turns upon whether the employee acts for the benefit of his employer to any appreciable extent or whether the employee acts solely for his own benefit or purpose or that of a third person.

3. Master and Servant § 61— workmen's compensation claim — act performed for third person — injury compensable

Where plaintifff, an insurance collector and salesman for defendant employer, was operating his vehicle in carrying out the duties of his job, observed a policyholder walking along the highway, stopped and determined that she needed gas, took her home, and returned to her vehicle with her husband after obtaining gas, started to enter his own vehicle, and was hit by a vehicle approaching from the rear, plaintiff's injury was sustained in an accident arising out of and in the course of his employment.

APPEAL by defendants from an opinion and award of the North Carolina Industrial Commission filed 20 February 1973.

Plaintiff employee was injured on 1 March 1972 when he was struck by an automobile on 15-501 Bypass in Durham,

N. C. The parties are subject to the Workmen's Compensation Act and the only question presented by this appeal is whether plaintiff was injured by accident arising out of and in the course of his employment. After a hearing at which plaintiff presented, but defendants did not present, evidence, Commissioner Stephenson made findings of fact, conclusions of law, and entered an award in favor of plaintiff.

The facts pertinent to the question presented by this appeal, as found by Commissioner Stephenson, may be summarized as follows:

In September 1971 plaintiff began work as a debit insurance collector and salesman for defendant employer. He worked out of his home in Durham, N. C., since his employer had no place of business in Durham. He used his own car in his work and paid all of his own automobile expenses out of the weekly commissions paid him by his employer. In his work he collected premiums from his employer's policyholders on a weekly, semi-weekly, or monthly basis, and at the same time solicited new business. He was initially employed on a $150.00 weekly drawing account, but was taken off this when his commissions equaled the draw. At the time of the accident, his weekly income was $175.00, said remuneration depending entirely on his collections and salary.

On the night of 29 February 1972 plaintiff went to the home of a Mr. and Mrs. John T. Morehead, policyholders who lived in the Damar Court housing development, for the purpose of collecting a premium. While there, he sold a policy of insurance to a brother-in-law of Mrs. Morehead, who was visiting the Moreheads. This brother-in-law did not have the money with him to pay the premium and told plaintiff he would leave money for the premium with either Mr. or Mrs. Morehead. On this visit plaintiff also discussed with a second brother-in-law the possibility of selling him some insurance but did not consummate that sale. Plaintiff knew the Moreheads only in connection with his work and had no social connection with them.

On the following morning, 1 March 1972, plaintiff commenced work in his home by preparing his company report, which was due in the Raleigh regional office on the following day. After completing this report at approximately 10:30 a.m., plaintiff made calls on several policyholders, and then went to Damar Court to see a former policyholder who had made inquiry

---
Lewis v. Insurance Co.
---

as to whether her policy could be reinstated. After leaving Damar Court, plaintiff started toward the home of a policyholder who wanted claim forms to be filled out. Remembering that he had no claim forms in his car, plaintiff started toward his home to secure them, for that purpose driving north on 15-501 Bypass, which was the most direct route from Damar Court to his home. While so doing, plaintiff observed Mrs. Morehead about one hundred feet away from her vehicle, walking on the shoulder of the road. She had run out of gas and, having no money with her, had started walking to her home, which was about three-fourths of a mile away, to tell her husband. Plaintiff recognized her as one of his policyholders and at the first crossover got into the southbound lane of travel and went to Mrs. Morehead, asking what her problem was. He then carried her to her home, secured her husband, and he and Mr. Morehead then returned to the Morehead vehicle after obtaining gasoline from a service station in the area. Plaintiff stopped his car on the shoulder of the road behind the Morehead vehicle, obtained the gasoline from the trunk of his car, and gave it to Morehead, who told him that he could start the car all right and that plaintiff was free to leave. Morehead offered to pay plaintiff for his aid, but plaintiff refused to accept any money. As plaintiff started to enter his own car, a vehicle approached from the rear out of control and struck plaintiff, knocking him partially under the Morehead vehicle and causing the personal injuries for which compensation is being claimed in this proceeding.

Finding of Fact No. 8 made by Commissioner Stephenson is as follows:

"8. At the time plaintiff stopped to aid Mrs. Morehead on March 1, 1972, he had reasonable grounds to believe that to help her would be beneficial to his employer's interests, was incidental to his employment, and would advance his employer's work. Plaintiff's injury by accident on the occasion complained of arose out of and in the course of his employment."

On these findings of fact Commissioner Stephenson concluded as a matter of law that plaintiff sustained an injury by accident arising out of and in the course of his employment, and on this conclusion entered an award in plaintiff's favor. On appeal, the Full Commission adopted as its own the findings of

fact, conclusions of law, and the award of Commissioner Stephenson. From this order of the Full Commission, defendants appealed.

*Bryant, Lipton, Bryant & Battle by Alfred S. Bryant for plaintiff appellee.*

*Hedrick, McKnight, Parham, Helms, Warley & Kellam by Philip R. Hedrick for defendant appellants.*

PARKER, Judge.

[1] The specific findings of fact of the Industrial Commission are supported by competent evidence. They are, therefore, conclusive and binding on this appeal. G.S. 97-86; *Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E. 2d 439.

> "When the specific, crucial findings of fact are made, and the Commission thereupon finds that plaintiff was injured by accident arising out of and in the course of his employment, we consider such specific findings of fact, together with every reasonable inference that may be drawn therefrom, in plaintiff's favor in determining whether there is a factual basis for such ultimate finding." *Guest v. Iron & Metal Co.*, 241 N.C. 448, 451, 85 S.E. 2d 596, 599.

Thus, the question presented by this appeal is whether the specific findings of fact, when considered together with such reasonable inferences in plaintiff's favor as may be drawn therefrom, support the ultimate finding and conclusion that plaintiff's injury was sustained by accident arising out of and in the course of his employment. We hold that they do.

[2, 3] "Basically, whether plaintiff's claim is compensable turns upon whether the employee acts for the benefit of his employer to any appreciable extent or whether the employee acts solely for his own benefit or purpose or that of a third person." *Guest v. Iron & Metal Co., supra.* Under the specific facts established by the findings in this case, we think it apparent that plaintiff acted, not merely to an appreciable extent, but even to a substantial extent, for the benefit of his employer. As a debit insurance collector and salesman plaintiff was engaged in a highly competitive and intensely personalized calling. Proper performance of his duties required that he maintain continual communications with the policyholders who lived in his assigned territory. He delivered policies and attendant forms,

Lewis v. Insurance Co.

collected premiums at short-term intervals, solicited additional sales, and his regular duties required constant personal contacts with existing and prospective customers. Normally his was the only, and almost always was the most constant, human contact between his employer and its policyholders. To a very great degree their concept of the insurance company, plaintiff's employer, directly reflected their concept of him. To the extent they respected and admired him, they respected and admired his employer. In a real sense, he was the insurance company as far as they were concerned, and any action on his part which built goodwill for him at the same time fostered goodwill for his employer. Goodwill is widely recognized as valuable to any business; it is particularly so to an insurance company.

Any actions of an employee which reasonably tend to build the goodwill of his employer have at least some connection with his employment, and the suggestion has been made that this furnishes at least some rational basis for considering such actions as "arising out of" the employment. Note, Workmen's Compensation—Employer's Goodwill, 33 N. C. Law Review 637. We need not in this case, however, rest our decision upon so broad a basis. The helpful actions in which plaintiff here was engaged at the time of the accident had a more direct and immediate connection with the duties of his employment than merely tending to build a general public goodwill for his employer. Here, plaintiff's actions reasonably tended not only to retain for his employer the business of two existing policyholders, but also tended to promote consummation of specific new business for which negotiations had already begun. Obtaining this specific new business, as well as retaining in effect specific existing policies, was directly dependent upon the goodwill of the very persons whom plaintiff was engaged in assisting at the time of the accident which caused his injuries. Under these circumstances we find the Commission's conclusion that the accident arose out of and in the course of plaintiff's employment fully supported by the specific findings of fact, which are, in turn, fully supported by competent evidence in the record. The order and award appealed from is

Affirmed.

Judges CAMPBELL and MORRIS concur.